Alice Ernestine HOLT and William Wallace Holt, III, Plaintiffs-Appellants,

v.

**Dr. B. H. WEBSTER,**
**Defendant-Appellee.**

Court of Appeals of Tennessee, Middle Section.

May 21, 1982.

Application for Permission to Appeal Denied by Supreme Court Aug. 30, 1982.

Sam E. Wallace, Jr., Nashville, for plaintiffs-appellants.

Thomas A. Higgins, Noel F. Stahl, Scott Todd Price, Cornelius, Collins, Higgins & White, Nashville, for defendant-appellee.

## OPINION

LEWIS, Judge.

The sole issue presented by this appeal is whether the Trial Judge abused his discretion in dismissing plaintiffs' suit for failure to timely and completely comply with discovery.

The pertinent facts are as follows:

Plaintiffs Alice Holt and husband, William Holt, on October 4, 1977, filed their complaint alleging that defendant Dr. B. H. Webster negligently treated Mrs. Holt for an injury to her left leg. On November 7, 1977, defendant answered denying all material allegations of the complaint.

So far as the record discloses there was no activity in this case until early 1979, when defendant's attorney wrote plaintiffs' attorney a letter which is, in part, as follows:

This will confirm our telephone conversation today in which we agreed to take the deposition of Mrs. Holt at 3:30 P.M. on March 9, 1979, at my office. Although Dr. Webster is available to be deposed at the same time, you indicated that you did not want to take his deposition on that date.

The record next discloses that on October 16, 1979, the Trial Judge, *sua sponte*, entered the following order.

## ORDER OF DISMISSAL

It appearing that this cause has been dormant for more than one year,

It is therefore ORDERED that the plaintiff's suit be, and the same hereby is dismissed for want of prosecution, with all costs taxed against the plaintiff, for which execution may issue.

On November 6, 1979, plaintiffs filed a motion seeking to set aside the order of dismissal and, on December 26, 1979, an order was entered setting aside the order of dismissal and reinstating the case on the Trial Court's docket.

No further activity was had until January 30, 1981, when defendant propounded a set of eleven interrogatories to plaintiff Mrs. Holt. Rule 33.01 Tennessee Rules of Civil Procedure, provides, *inter alia:* "The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories, . . . ." Plaintiffs neither served answers nor objections to the interrogatories.

On May 26, 1981, defendant, pursuant to Rule 37, TRCP, filed his motion seeking an "Order dismissing this action or for such other relief as the Court may deem to be just and appropriate." Pursuant to the May 6 motion, the Trial Judge granted plaintiffs "seven (7) additional days from the date [May 15, 1981] on which this motion is heard within which to answer the defendant's first set of interrogatories and serve executed copies of the same on the defendant's attorney of record."

Plaintiffs, in two particulars, failed to comply with the Court's order. First, their purported answers were not filed with the Clerk of the Trial Court until May 28, 1981, six days after the seven days allowed, and were not served on defendant's attorney until June 1, 1981, ten days after the seven days provided by the order. Secondly, plaintiffs failed to answer defendant's first interrogatory. Defendant's first interrogatory and plaintiffs' answer are as follows:

1. State the full name, address and title of each expert witness that you expect to call to testify at the trial of this case, and as to each such witness, state:

(a) the subject matter on which the expert is expected to testify;

(b) the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

Answer:

1. I expect to call Dr. Stan Sanders and Dr. Carl Mitchell, both of Nashville, Tennessee, to testify as to their treatment rendered to me, the same condition which Dr. Webster had allegedly rendered treatment to.

Rule 37.01(3), TRCP, provides as follows: "EVASIVE OR INCOMPLETE ANSWER. For purposes of this subdivision an evasive or incomplete answer is to be treated as a failure to answer."

On June 3, 1981, defendant filed his second motion seeking "an Order dismissing" plaintiff's cause of action pursuant to Rule 37, TRCP. The Court heard the motion and, on July 7, 1981, entered an order dismissing plaintiffs' cause of action.

Plaintiffs, on July 9, 1981, filed a motion "pursuant to Rule 60 of the Tennessee Rules of Civil Procedure" seeking to have the Court "to reconsider" its action in dismissing plaintiffs' case.

Subsequently, a hearing consisting of arguments of counsel was had on plaintiffs' motion. At that hearing, plaintiffs announced that their motion was not pursuant to Rule 60, TRCP, but was pursuant to Rules 41 and 59, TRCP.

Rule 41, TRCP, provides for dismissal of actions, either voluntarily or involuntarily. From a reading of the proceedings and the motion to dismiss, we are unable to tell upon which portion of Rule 41 plaintiffs were relying.

At no time did plaintiffs move to take a voluntary nonsuit pursuant to Rule 41.01, TRCP. Rule 59, TRCP, provides for a motion for new trial or alteration and amendment of judgments.

The Trial Judge, after the hearing, entered an order on August 14, 1981, which is, in part, as follows: "After hearing the statements of the attorneys for the respective parties and considering the entire record, it appears . . . that the plaintiffs' mo-

tion is not well taken and should be denied."

Plaintiffs admit that the Trial Court would have been justified in imposing sanctions less than dismissal for their failure to timely and completely answer the interrogatories. However, they insist that the Trial Court abused its discretion in imposing the sanction of dismissal.

We have reviewed this record in detail and find no plausible justification for plaintiffs' failure to file timely and complete responses to defendant's interrogatories. Rule 37.04, TRCP, provides:

FAILURE OF PARTY TO ATTEND AT OWN DEPOSITION OR SERVE ANSWERS TO INTERROGATORIES OR RESPOND TO REQUESTS FOR INSPECTION.—If a party or an officer, director, or managing agent of a party or a person designated under Rule 30.02(6) or 31.01 to testify on behalf of a party fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of Rule 37.02. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26.03. [As amended July 1, 1979.]

Rule 37.02(C) provides as follows: "An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or *dismissing the action or proceeding* or any part thereof, or rendering a judgment by default against the disobedient party." [Emphasis supplied.]

 That the trial court is expressly authorized to impose the sanction of dismissal is without question. When the trial court exercises its discretion in imposing the sanction of dismissal, the exercise of its discretion will not be disturbed by this Court in the absence of an affirmative showing that the trial judge abused his discretion. *Hemmer v. Tennessee Electric Power Co.*, 24 Tenn.App. 42, 139 S.W.2d 698 (1940). Our review of this record fails to disclose that the Trial Judge abused his discretion.

Dismissal is a harsh sanction. However, it is specifically authorized by the Rules, and cogent reasons exist for its imposition. The Supreme Court of the United States stated, in *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642–43, 96 S.Ct. 2778, 2780–81, 49 L.Ed.2d 747 (1976), in reinstating a District Court's order of dismissal for failure to comply with discovery:

> There is a natural tendency on the part of reviewing courts, properly employing the benefit of hindsight, to be heavily influenced by the severity of outright dismissal as a sanction for failure to comply with a discovery order. It is quite reasonable to conclude that a party who has been subjected to such an order will feel duly chastened, so that even though he succeeds in having the order reversed on appeal he will nonetheless comply promptly with future discovery orders of the district court.
>
> But here, as in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the

absence of such a deterrent. If a decision of the Court of Appeals remained undisturbed in this case, it might well be that these respondents would faithfully comply with all future discovery orders entered by the District Court in this case. But other parties to other lawsuits would feel freer than we think Rule 37 contemplates they should feel to flout other discovery orders of other district courts.

This reasoning is applicable to the courts of Tennessee. The trial courts of Tennessee must and do have the discretion to impose sanctions such as dismissal in order to penalize those who fail to comply with the Rules and, further, to deter others from flouting or disregarding discovery orders.

Plaintiffs in the instant case were given considerable opportunity to comply with the Trial Court's orders. Yet, we find nothing in the record showing any reason for their failure to respond timely and completely to the order of discovery.

Finding no abuse of discretion, we affirm the Trial Judge's order of dismissal with costs to plaintiffs. The cause is remanded to the Trial Court for the collection of costs and any further necessary proceedings.

CANTRELL and CONNER, JJ., concur.