IN THE COURT OF APPEALS OF TENNESSEE

FILED

August 26, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

RAVENWOOD PHASE II HOMEOWNERS ) C/A NO. 03A01-9705-CV-00156
ASSOCIATION, GEORGE A. BELLVILLE,)
and SUSAN L. PATTON, )
 )
    Plaintiffs-Appellants, )
 )
 )
 ) APPEAL AS OF RIGHT FROM THE
v. ) KNOX COUNTY CIRCUIT COURT
 )
 )
 )
FRANKLIN PROPERTY I, LTD., )
and BILL HODGES, General Partner,)
 ) HONORABLE WHEELER A. ROSENBALM
    Defendants-Appellees. ) JUDGE


For Appellants                          For Appellees

DONALD E. OVERTON                       CLARENCE RISIN
GLENNA W. OVERTON                       STEPHEN G. ANDERSON
Overton & Overton                       Baker, Donelson, Bearman &
Knoxville, Tennessee                      Caldwell
                                        Knoxville, Tennessee


O P I N I O N


AFFIRMED AND REMANDED                                    Susano, J.

1

The trial court granted the motion of defendants, Franklin Property I, Limited, and Bill Hodges ("Franklin"), for sanctions against the plaintiffs, Ravenwood Phase II Homeowners Association, Inc., George A. Bellville, and Susan L. Patton ("Ravenwood") and their attorneys, for failure to comply with an order compelling Ravenwood to respond to Franklin's interrogatories and requests for production of documents. Ravenwood and their attorneys appealed, raising two issues which present the following questions for our review:

> 1.  Did the trial court err in ruling that Ravenwood had failed to comply with its order to respond to Franklin's interrogatories and requests for production of documents?
>
> 2.  Did the trial court err in awarding sanctions against Ravenwood and its counsel?

We affirm.

I

Ravenwood originally filed suit against Franklin for damages and other relief, based upon an alleged drainage nuisance that existed on the Association's property.[1]  On August 14, 1995, Franklin served its interrogatories and requests for production of documents on Ravenwood.  On September 25, 1995, having received no response, Franklin filed a motion to compel Ravenwood to respond to their discovery requests.  On October 9, 1995, the trial court entered an order requiring Ravenwood to respond to Franklin's discovery requests within ten days.  However,

---

[1]Ravenwood's claim was ultimately dismissed by the trial court.  That decision was not appealed.

2

Ravenwood made no effort to respond within the ten-day period. In fact, it did not file its answers to the interrogatories until April 1, 1996, almost six months after the entry of the trial court's order.

Although Ravenwood finally submitted answers to most of the interrogatories, they objected to most of Franklin's requests for document production and furnished no documents. In the months that followed, counsel for Franklin attempted to arrange for discovery of the requested documents. In particular, counsel sought to review various corporate records pertaining to Ravenwood. After Ravenwood objected that such a request was overbroad and unduly burdensome, Franklin's counsel narrowed his request on two occasions, and he was eventually allowed to inspect certain documents in Ravenwood's possession. However, he testified that Ravenwood did not produce the file cabinet of documents to which their attorney had previously referred, but instead provided only two letters and a copy of the complaint in this case. On September 9, 1996, Franklin filed a motion for sanctions against Ravenwood, requesting that Ravenwood be ordered to pay the reasonable expenses incurred by Franklin "in obtaining the requested documents and obtaining this Order."

The trial court found that Ravenwood had failed to comply with its order of October 9, 1995. Consequently, it imposed sanctions, jointly and severally, against the appellants and their attorney, in the amount of $1,976.70. After the trial court denied Ravenwood's motion for a new trial, this appeal followed.

3

II

Rule 37.02 of the Tennessee Rules of Civil Procedure permits a trial court to impose various sanctions in response to a party's failure to comply with an order to provide or permit discovery. It also provides that in lieu of, or in addition to, such specified sanctions,

> the court shall require the party failing to obey the order or the attorney advising the party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Rule 37.02, Tenn.R.Civ.P.

Determinations regarding discovery matters lie within the sound discretion of the trial court. *Price v. Mercury Supply Co.*, 682 S.W.2d 924, 935 (Tenn.App. 1984). By the same token, a trial court is vested with "broad discretion to fashion sanctions for discovery abuses...." *Pettus v. Hurst*, 882 S.W.2d 783, 787 (Tenn.App. 1993). As a result, a trial court's decision regarding the imposition of sanctions will not be disturbed on appeal, absent a showing of an abuse of that discretion. *Lyle v. Exxon Corp.*, 746 S.W.2d 694, 699 (Tenn. 1988); *Brooks v. United Uniform Co.*, 682 S.W.2d 913 (Tenn. 1984); *Holt v. Webster*, 638 S.W.2d 391, 394 (Tenn.App. 1982).

4

III

After reviewing the record, we are of the opinion that the trial court correctly found that Ravenwood had violated its order of October 9, 1995, and that the trial court did not abuse its discretion in imposing sanctions for such noncompliance.

The simple fact of the matter is that Ravenwood and their counsel did not timely respond to the defendants' discovery requests, nor to the trial court's order compelling discovery. Ravenwood chose to ignore the trial court's mandate that it fully comply with Franklin's discovery requests within ten days, when they failed to serve their answers to interrogatories until almost *six months* after the entry of the order. We fail to understand how Ravenwood can argue in good faith that the trial court erred in finding them in violation of the discovery order of October 9, 1995. Ravenwood's claim that it objected to the requests for production of its corporate records is not persuasive. It did not make such an objection at the appropriate time, i.e., during the 30-day period following its receipt of the request. *See* Rule 34.02, Tenn.R.Civ.P. Instead, Ravenwood's objections came well after the trial court had been forced to order the plaintiffs' compliance with Franklin's discovery requests. Thus, we find Ravenwood's first issue to be without merit.

In its second issue, Ravenwood argues that even if the trial court correctly found that they had not complied with the court's discovery order, the court erred in imposing sanctions

against Ravenwood and their counsel.  We disagree.  Rule 37.02 of the Rules of Civil Procedure clearly confers such authority on the trial court where a party "fails to obey an order to provide or permit discovery."  *Id.*  The situation in this case falls squarely within that provision.

Ravenwood's assertion that Franklin's counsel engaged in a "fishing expedition", and that he was already in possession of the requested documents, misses the point; even if these contentions were true, they would provide no justification for Ravenwood's disregard of the rules of discovery and the order of the trial court.  The record contains no indication that Franklin's attorney made the requests for any improper purpose, or that he already possessed or had inspected all of the documentation that he deemed significant to the preparation of his case.  Furthermore, it is not an attorney's place to dictate his or her adversary's discovery strategy, or to decide for his or her adversary what is or is not important evidence.  Thus, Ravenwood's contention that Franklin should have elected to request admissions--rather than the production of documents--is without merit.

Finally, Ravenwood complains that the majority of the expenses awarded as sanctions to Franklin were occasioned only by Franklin's pursuit of those sanctions.  This argument is also meritless.  Once again, Rule 37.02 expressly permits an award of reasonable expenses and attorney's fees caused by a party's failure to comply with a discovery order.  Rule 37.02, Tenn.R.Civ.P.  Since the expenses for which reimbursement was

6

sought would not have been incurred had Ravenwood simply complied with Franklin's discovery requests and the trial court's subsequent order, Ravenwood and their attorneys have no one to blame but themselves.

We therefore hold that the trial court correctly determined that Ravenwood violated its order of October 9, 1995. Likewise, it did not abuse its discretion in imposing sanctions against Ravenwood and their attorneys, pursuant to Rule 37.02 of the Tennessee Rules of Civil Procedure. The judgment of the trial court is affirmed. Costs on appeal are assessed against the appellants and their surety.

The appellees argue that this appeal is frivolous. We agree. We therefore remand this case to the trial court for the determination of damages in accordance with T.C.A. § 27-1-122, as well as the enforcement of the trial court's judgment and the collection of costs assessed there, all pursuant to applicable law.

_____
Charles D. Susano, Jr., J.

7

CONCUR:


_____
Houston M. Goddard, P.J.


_____
Herschel P. Franks, J.