IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

_____

ADRIAN PATE, A MINOR, BY AND
THROUGH HIS MOTHER AND NEXT
FRIEND, MELISSA PATE,

        Plaintiff-Appellant,

Vs.

STATE OF TENNESSEE,

        Defendant-Appellee.

FROM THE TENNESSEE CLAIMS
COMMISSION, HON. MARTHA
    B. BRASFIELD, COMMISSIONER

Claims Commission No. 96001645
C.A. No. 02A01-9803-BC-00060

*AFFIRMED*

William B. Raiford, III; Merkel
    & Cocke of Clarksdale, MS
For Appellant

Beauchamp E. Brogan, General
Counsel, Odell Horton, Jr., Associate
General Counsel, The University of
Tennessee
For Appellee

**FILED**

**December 28, 1998**

**Cecil Crowson, Jr.**
~~**Appellate Court Clerk**~~

MEMORANDUM OPINION[1]

_____

*CRAWFORD, J.*

This is a medical malpractice case that comes to this Court from the Tennessee Claims Commission. Plaintiff, Adrian Pate, a minor by and through his mother and next friend, Melissa Pate, appeals the order of the Commission dismissing the case against the State of Tennessee. The only issue presented for review is whether the Commission abused its discretion in dismissing claimant's complaint with prejudice.

Plaintiff filed a notice of claim with the State of Tennessee, Division of Claims Administration, on June 7, 1996, and it was transferred to the Tennessee Claims Commission on September 9, 1996. Proceedings before the Commission are conducted pursuant to Tennessee Rules of Civil Procedure. T.C.A. § 9-7-403 (1992). The State filed its answer on October 21, 1996. The next event reflected in the record is the State's motion to dismiss pursuant to Tennessee Rules of Civil Procedure 41.02 for failure to prosecute filed November 17, 1997. Claimant's response to the motion to dismiss sets forth no action taken by claimant since the

_____

[1]Rule 10 (Court of Appeals). <u>Memorandum Opinion</u>. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

filing of the complaint, nor is there anything in the record to reflect any action taken by the claimant.

T.C.A. § 9-8-402 (b)(1992) provides in pertinent part: "Any claim upon which no action is taken by the claimant within one (1) year of the filing date shall be dismissed."

The record reflects that shortly after the claim was filed, the Claims Commissioner by letter notified counsel, among other things, of the above-quoted statutory provision.

There simply is nothing in the record before us to indicate that the Commissioner abused his discretion. When the sanction of dismissal is exercised, the discretionary action by the trial court will not be disturbed by this Court in the absence of an affirmative showing that the trial judge abused his discretion. *Holt v. Webster*, 638 S.W.2d 391, 394 (Tenn. App. 1982).

Accordingly, the order of the Claims Commission is affirmed, and this case is dismissed. Costs of appeal are assessed against the appellant.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**ALAN E. HIGHERS, JUDGE**

_____
**HOLLY KIRBY LILLARD, JUDGE**