# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Brief July 23, 2002

## GLENNA M. GRISSOM v. STATE OF TENNESSEE

**An Appeal from the Tennessee Claims Commission for the Western Dvision**
**No. 20001513     Randy Camp, Commissioner**

---

### No. W2001-03021-COA-R3-CV - Filed December 23, 2002

---

This is a Claims Commission case that was dismissed for failure to prosecute. In July 2000, the claimant filed a lawsuit with the Tennessee Claims Commission against the State of Tennessee. The State filed its answer in October 2000. In September 2001, the State filed a motion to dismiss for failure to prosecute, relying on Tennessee Code Annotated section 9-8-402(b), which provides for dismissal of a claim with the Claims Commission if the claimant does not take action to advance the claim for a one-year period, unless the claimant received prior written consent from the Commission. In November 2001, the Commission entered an order granting the State's motion to dismiss. On appeal, the claimant argues that the one-year period should be tolled pending a response to her complaint by the State. We affirm, finding that the statutory one-year period began to run when the claim was filed.

**Tenn. R. App. P. 3; Judgment of the Tennessee Claims Commission Affirmed**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Stephen D. Jackson, Jackson, Tennessee, for the appellant, Glenna M. Grissom

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, Mary M. Bers, Senior Counsel, Office of the Attorney General and Reporter, Nashville, Tennessee, for the appellee, State of Tennessee

### OPINION

On March 30, 1999, Glenna M. Grissom ("Grissom") allegedly slipped and fell while walking on a trail at Chucalissa Archaeological Museum and Reconstructed Indian Village. On July 31, 2000, she filed a complaint with the Tennessee Claims Commission ("Commission") against the

State of Tennessee ("State"), seeking damages for injuries allegedly resulting from the fall.[1] On August 31, 2000, the State filed a motion for an extension of time in which to respond to the complaint. The motion was granted. On October 20, 2000, the State filed its answer to Grissom's complaint.

On May 29, 2001, the State sent a letter to Grissom, noting that it had filed a response to her complaint on October 20, 2000, and that interrogatories and requests for production of documents were sent to her on that same date.[2] The letter sought a response to these discovery requests. The record includes no response to this letter.

On September 7, 2001, well over a year after the lawsuit was filed, the Commissioner ordered a written status report from the parties. The order noted that the file contained no evidence of activity since January 29, 2001, when the Commission sent a procedural letter to both parties. The Commissioner's order required both parties to respond by October 8, 2001.

In response, on September 14, 2001, the State filed a motion to dismiss for failure to prosecute. The motion was supported by an affidavit by Mary M. Bers ("Bers"), Senior Counsel with the Office of the Attorney General for the State, asserting that the State had served discovery requests upon Grissom and that the discovery requests went unanswered. The affidavit referred to the May 29, 2001 letter and Grissom's failure to respond. The record does not include Grissom's response to the State's motion to dismiss. It does, however, include the State's reply to Grissom's response, which indicates that the only action taken by Grissom since filing her complaint was service of a reply to the State's motion to dismiss on October 9, 2001.

On November 9, 2001, the Commission entered an order granting the State's motion to dismiss. The order cites Grissom's failure to take any action to move the case toward disposition within the one-year time limit set forth in Tennessee Code Annotated § 9-8-402(b).[3] That statute provides that it is "mandatory" to dismiss with prejudice "any claim filed with the claims commission upon which no action is taken by the claimant to advance the case to disposition within any one-year period." Tenn. Code Ann. § 9-8-402(b). The Commission noted that, while there are circumstances under which section 9-8-402(b) might not apply, none of those circumstances were present in Grissom's case. From this order, Grissom now appeals.

On appeal, Grissom argues that the time limit in section 9-8-402(b) should have been tolled between the date her complaint was filed on July 31, 2000, and October 20, 2000, the date on which the State filed its answer. Grissom acknowledges that the statute requires dismissal of a claim in

---

[1] Grissom originally filed her claim for damages with the Division of Claims Administration on March 28, 2000. The Division notified the parties on June 29, 2000, that it was transferring the claim to the Claims Commission. Grissom then filed her complaint with the Claims Commission on July 31, 2000.

[2] Several documents in the record refer to interrogatories and requests for production of documents as having been filed by the State. These interrogatories and requests for production, however, are not contained in the record.

[3] The Order makes reference to an untimely status report and response to the State's motion allegedly faxed by Grissom to the Commission on October 9, 2001.

which the claimant takes no action to advance her case for a one-year period; however, she argues that it was impossible for her to advance her claim until the State answered the complaint. Therefore, Grissom contends, the one-year time period should be tolled during the time in which she could not move her case forward. Grissom further argues that fairness required the Commissioner to decline to dismiss her claim, and that his dismissal of her claim was an abuse of discretion.

Our standard of review on appeal from a trial court's ruling on a motion to dismiss is de novo, with no presumption of correctness as to the trial court's legal conclusions. *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997). A trial judge has considerable discretion to dismiss a case for failure to prosecute. *Kotil v. Hydra-Sports, Inc.,* No. 01-A-01-9305-CV-00200, 1994 Tenn. App. LEXIS 551, at *8 (Tenn. Ct. App. Oct. 5, 1994); Tenn. R. Civ. P. 41.02(1). The imposition of sanctions available under Tenn. R. Civ. P. 41.02(1) is a discretionary decision. *Kotil,* 1994 Tenn. App. LEXIS 551, at *10. The appellate court will not disturb such a decision in the absence of an affirmative showing that the trial court acted unreasonably, arbitrarily, or unconscionably. *Id.; see also Holt v. Webster,* 638 S.W.2d 391, 394 (Tenn. Ct. App. 1982).

Grissom first argues that the one-year time period set forth in Tennessee Code Annotated § 9-8-402(b) for a claimant to advance his case should be tolled during a period in which the claimant, pursuant to the Tennessee Rules of Civil Procedure, cannot move the case forward. Under the facts of this case, Grissom argues that the one-year period should be tolled for a claimant while the claimant awaits the defendant's answer to the complaint. Under the clear language of the statute, however, unless the claimant has secured the prior written consent of the Commission, if the claimant takes no action to advance the case during a given one-year period, dismissal is mandated. Grissom cites no authority to support her argument that the plain language of the statute should be ignored. The record includes no indication that Grissom sought the written consent of the Commission for her failure to take any action whatsoever during the year following the filing of the complaint. Indeed, the record includes no explanation at all for Grissom's inaction. We must assume that the statutes means what it says. This argument is without merit.

Next, Grissom argues that the Commission abused its discretion by granting the State's motion to dismiss. She cites *Gadd v. State of Tennessee,* No. E 1998-00016-WC-R3-CV, 2000 Tenn. LEXIS 155 (Tenn. Spec. Worker's Comp. App. Panel Mar. 24, 2000), *aff'd*, 2000 Tenn. LEXIS 154 (Tenn. Mar. 24, 2002), in support of her assertion that the Commissioner may decline to follow section 9-8-402(b) in a case in which fairness would require the Commission to decline to dismiss the claim. Assuming arguendo the validity of this argument, the facts in this case present no circumstances justifying Grissom's assertion that the dismissal was an abuse of discretion. Grissom offers no reason for her failure to take some affirmative steps to advance her claim within the one-year period or to seek consent to a delay from the Commission. In a letter dated January 29, 2001, the Commissioner advised Grissom of the statute and reminded Grissom that it was her responsibility to "take the initiative in the prosecution of this claim." Further, counsel for the State sent a letter dated May 29, 2001, seeking responses to discovery requests that were sent October 20, 2000. Finally, the Commissioner sent a request for a status report to both parties, to which Grissom

failed to make a timely response. Under these circumstances, we conclude that the Commission did not err in dismissing Grissom's claim for failure to prosecute.

The decision of the Claims Commission is affirmed. Costs on appeal are assessed against the appellant, Glenna M. Grissom, for which execution may issue, if necessary.

_____
HOLLY KIRBY LILLARD, JUDGE
