# IN THE COURT OF APPEALS OF TENNESSEE
# AT NASHVILLE
May 10, 2007 Session

## MIKE CAMPBELL v. COUNTRY HOMES, INC. , ET AL.

**Appeal from the Circuit Court for Cheatham County**
**No. 5591     George C. Sexton, Circuit Judge**

---

### No. M2006-1886-COA-R3-CV - Filed on July 31, 2007

---

On this appeal, it is alleged the trial court abused its discretion by dismissing appellant's complaint for failure to obey an order compelling discovery and for refusing to vacate that order. Finding no abuse of discretion, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

DONALD P. HARRIS, SR. J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, J., and FRANK G. CLEMENT, JR., J., joined.

Jerry W. Hamlin, Ashland City, Tennessee, for the appellant, Mike Campbell.

Arthur E. McClellan, Lance A. Wray, for the appellee, Country Homes, Inc.

### MEMORANDUM OPINION[1]

On September 9, 2004, the appellant, Mike Campbell filed suit against Country Homes, Inc. (Country Homes), and Pat Mulloy, doing business as Mulloy Plumbing. The complaint alleged Mr. Campbell had contracted with Country Homes, in late 1998, to perform the construction of a log house on property owned by him in Pegram, Tennessee. Country Homes contracted with Pat Mulloy to design and construct the plumbing and septic system. On September 9, 2000, Campbell alleged he returned to the completed home to find it flooded. Shortly thereafter, a "test ball" was discovered in the sewer line causing the blockage. Remediation of the damages took until October 2001. On November 13, 2001, Mr. Campbell employed an environmental consulting firm to do air quality

---

[1]Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

testing and was advised of the presence of toxic mold growth in the basement area of the home. Based upon assurances the home was safe to live in, Mr. Campbell continued to live there but, according to the complaint, developed various physical symptoms. On March 29, 2002, Mr. Campbell again had the air quality in the home tested and discovered the presence of toxic mold on the first floor of the home and in the basement area. On May 13, 2002, he was advised to vacate the residence. As a result, Mr. Campbell alleged he was displaced from his home, deprived of access to his personal property, furnishings and belongings, and suffered economic loss, mental anguish and loss of enjoyment of life. The lawsuit alleged the creation of a nuisance and breach of contract including breach of implied warranties.

The complaint was verified by Mr. Campbell. The summons that was filed with the court simultaneously with the complaint, stated, "You are also required to serve a copy of your Answer upon plaintiff's attorney, or the *pro se* plaintiff as set out below." The name and address listed was "Mike Campbell, P.O 250, Peagram (sic), TN 37143." A cost bond attached to the complaint was signed by a licensed attorney, Howard B. Barnwell (Mr. Barnwell). The return of service on the summons was also executed by Mr. Barnwell, together with an affidavit of Mr. Barnwell executed in Jackson County, Alabama, stating his qualifications to act as process server and that he had effected service on Country Homes, Inc., on October 4, 2004.

On October 12, 2004, Arthur McClellan and the firm of McClellan, Powers, Ehmling & Rogers, P.C. filed a formal notice of appearance on behalf of Country Homes. A copy of the notice was served on Mr. Campbell at the address noted on the summons. On November 1, 2004, Country Home filed its answer and mailed a copy to Mr. Campbell at the address noted on the summons. Mr. Mulloy filed his answer on November 5, 2004, and mailed a copy to Mr. Barnwell.

On November 10, 2004, Country Homes propounded to Mr. Campbell a request for admissions pursuant to Rule 36 of the Tennessee Rules of Civil Procedure, and Interrogatories and Request for the Production of Documents pursuant to Rules 33 and 34 of the Tennessee Rules of Civil Procedure. These documents were forwarded to Mr. Campbell by certified mail and were accepted and signed for by a Ms. Bridget L. Dobbins on November 15, 2004.

On December 29, 2004, Mr. Barnwell, as attorney for plaintiff, filed a motion for extension of time to answer the discovery requests. There is no indication this motion was set for hearing or otherwise acted upon. Attached to the motion was a certificate of service executed by Mr. Barnwell, certifying he mailed copies of the motion to the attorneys for Country Home and Mulloy. On that same date, a response to the requests for admission was filed but there is no indication it was mailed to or in any way served on adversary counsel.

On January 20, 2005, Country Homes filed a motion to deem its request for admissions to have been admitted and a motion to compel discovery. These motions were mailed to Mr. Campbell. Mr. Mulloy filed similar motions on January 25, 2005, and mailed copies to Mr. Barnwell. The motions of Country Homes and Mr. Mulloy were set for hearing on the same date, February 7, 2005.

On February 7, 2005, Country Homes and Mulloy appeared in Circuit Court for Cheatham County. The court ordered the request for admissions be deemed admitted and further ordered Mr. Campbell to provide counsel for Country Homes responses to the discovery requests no later than thirty days from the date of the order. This order was entered by the court on February 22, 2005, and a copy was mailed to both Mr. Campbell and Mr. Barnwell. A similar order was entered in behalf of Mr. Mulloy on February 18, 2005, and was mailed to both Mr. Campbell and Mr. Barnwell.

On April 4, 2005, Country Homes filed a motion for summary judgment based upon the applicable statute of limitations and statute of repose and the requests for admission that had been deemed admitted by the court. On May 20, 2005, Country Homes filed a motion for sanctions pursuant to Rule 37.02 of the Tennessee Rules of Civil Procedure. The motion for sanctions requested the court dismiss Mr. Campbell's complaint for his failure to comply with the February 22, 2005, order compelling discovery. These motions were sent by mail to both Mr. Campbell and Mr. Barnwell.

On the date these motions were to be heard, June 30, 2005, an attorney, Jerry W. Hamlin, appeared in Mr. Campbell's behalf and requested an extension of thirty days within which to respond to the motions. The court continued the hearing on the motions until August 5, 2005. On that date, the court granted the motions for summary judgment filed in behalf of Country Homes and Mr. Mulloy. Additionally, the court granted Country Home's motion for sanctions and dismissed the complaint for Mr. Campbell's failure to comply with previous orders of the court. This order was filed September 14, 2005.

On October 11, 2005, a motion to vacate the order granting summary judgment and the order of dismissal was filed in behalf of Mr. Campbell. The motion pointed out that a response to the request for admissions had, in fact, been filed with the court on December 29, 2004. This motion was eventually heard by the court on August 7, 2006. The trial court granted the motion to set aside its previous orders granting summary judgment to both Country Homes and Mulloy but denied the motion to set aside the dismissal of Country Homes as a sanction for Mr. Campell's failure to comply with the trial court's previous discovery orders. From this ruling, Mr. Campbell has appealed alleging the trial court erred in dismissing the case as to Country Homes and in failing to vacate its order of dismissal.

Clearly, a trial court has the discretion to dismiss an action where a party plaintiff fails to obey an order compelling discovery. Rule 37.02 of the Tennessee Rules of Civil Procedure provides that where a party fails to obey an order to provide discovery, the court may, among other sanctions, issue an order "dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." Tenn. R. Civ. P. 37.02(C). When the trial court exercises its discretion in imposing the sanction of dismissal, its action will not be disturbed by this court in the absence of an affirmative showing that the trial court abused its discretion. Holt v. Webster, 638 S.W.2d 391, 394 (Tenn. Ct. App. 1982); Hemmer v. Tennessee Electric Power Co., 24 Tenn. App. 42, 139 S.W.2d 698 (1940).

The abuse of discretion standard has been stated in varying ways. In White v. Vanderbilt Univ., 21 S.W.3d 215 (Tenn. Ct. App. 1999), this court stated that discretionary decisions of a trial court will be set aside only when "the trial court has misconstrued or misapplied the controlling legal principles or has acted inconsistently with the substantial weight of the evidence." Id. at 223. This court has also said that under the abuse of discretion standard, a trial court's ruling "will be upheld so long as reasonable minds can disagree as to propriety of the decision made." Buss-Flinn v. Flinn, 121 S.W.3d 383, 390 (Tenn. Ct. App. 2003) (quoting, State v. Scott, 33 S.W.3d 746, 752 (Tenn. 2000)). The Tennessee Supreme Court has said that a trial court abuses its discretion only when it "applies an incorrect legal standard, or reaches a decision which is against logic or reasoning that causes an injustice to the party complaining." State v. Shirley, 6 S.W.3d 243, 247 (Tenn. 1999). However it is stated, it is clear that the abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court. Myint v. Allstate Ins. Co., 970 S.W.2d 920, 927 (Tenn. 1998); Buss-Flinn, 121 S.W.3d at 390.

We recognize that dismissal is a harsh sanction. However, it is specifically authorized by the Rules, and there are reasons for its imposition. The trial courts of Tennessee must and do have the discretion to impose sanctions such as dismissal in order to penalize those who fail to comply with the Rules and, further, to deter others from flouting or disregarding discovery orders. Holt, 638 S.W.2d at 394.

Mr. Campbell in the instant case was given considerable opportunity to comply with the trial court's orders. Yet, the record does not reflect he made any effort to provide a response to the requests for discovery prior to the time the trial court refused to vacate the dismissal of his case. There was ample opportunity for Mr. Campbell to have provided the requested discovery even after Country Homes filed its motion for sanctions. That motion was filed May 20, 2005. It was not heard until August 7, 2005. Even after the trial court dismissed the case as a sanction for Mr. Campbell's failure to obey the order compelling discovery, there is no indication he provided the requested information in conjunction with his effort to have the court vacate that order. Under those circumstances, we simply cannot find the trial court abused its discretion by entering an order of dismissal or by refusing to vacate that order.

Finding no abuse of discretion, we affirm the trial judge's order of dismissal. The costs of this appeal shall be taxed to the appellant, Mike Campbell. The cause is remanded to the trial court for any further necessary proceedings.

_____
DONALD P. HARRIS, SENIOR JUDGE

-4-