IN THE COURT OF APPEALS OF TENNESSEE
AT MEMPHIS
January 23, 2008 Session

## MICHAEL GOLDEN v. TERRY MURRELL

**Direct Appeal from the Juvenile Court for Shelby County**
**No. 137474     Felicia M. Hogan, Referee**

---

**No. W2005-02968-COA-R3-JV  -  Filed July 23, 2008**

---

Father and Mother are parents of a minor child born out of wedlock.  After Mother regained custody of child, she petitioned the trial court for prospective and retroactive child support and medical insurance.  Father also petitioned for retroactive child support.  The juvenile referee set prospective child support and ordered Father to provide medical insurance for the child, but reserved the issue of retroactive child support pending the parties' submission of their past years' financial records.  After multiple continuances and Father's apparent unwillingness to comply with trial court's discovery order, the Referee dismissed both parties petitions.  A special judge affirmed.  Father appealed and Mother cross-appealed.  We remand the cause to the trial court to issue a ruling that contains a basis for the dismissal and for a determination of whether the trial court intended for its dismissal to serve as a denial of the parties' petition for retroactive child support.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which Alan E. Highers, P.J., W.S., joined.  W. FRANK CRAWFORD, J., not participating.

Dewun R. Settle and Kim G. Sims, Memphis, Tennessee, for the Appellant, Michael Golden.

John R. Hershberger, Memphis, Tennessee, for the Appellee, Terry Murrell.

**OPINION**

*Facts and Procedural History*

Michael Golden, Petitioner/Appellant/Cross-Appellant (hereinafter, "Father"), and Terry Murrell, Respondent/Appellee/Cross-Appellant (hereinafter, "Mother"), are the parents of a minor child, M. J. Golden (hereinafter, "Child"), born December 28, 1988.  From 1988 until 1994, Child lived with Mother.  Although no child support was ordered, Father testified to paying $200.00 to Mother every month from 1988 to 1994 and providing health insurance for the child.  Father also testified, and Mother agreed, that Father visited Child at least six (6) times a year, despite Child residing in Tennessee and Father residing in Texas.  In 1994, Father filed a Petition to Modify Order

and requested that the court award custody to him. In 1995, the Referee awarded custody to Father; however, the order was silent as to child support. Child lived with Father until 2002, and during that time, Mother allegedly provided no child support. Mother contends that she visited with Child at least six (6) times a year, and that Mother cared for Child during the summer months each year while Child was in Father's custody.

In May of 2003, custody was returned to Mother. In January of 2004, Mother petitioned the court for child support, retroactive support, and medical insurance. In March of 2004, Father petitioned the court for retroactive child support from January 1995 to May 2003. In April of 2004, the Referee ordered Father to provide medical insurance for Child and to pay $540 per month for child support, but reserved the issue of retroactive child support. From May of 2004 to December of 2004, the case was continued numerous times at the parties' request. In May of 2005, Mother moved for sanctions, alleging that Father had continuously refused to provide his financial information, that his current income is known and should be imputed for past years because of his failure to provide past financial information, and that his petition for retroactive child support should be dismissed for failure to prosecute. On June 1, 2005, the Referee dismissed both parties' petitions for retroactive child support, but made no written findings. Both parties requested a rehearing before a juvenile judge, and Special Judge Blancett affirmed the Referee's Findings and Recommendations, but issued no written findings.

On December 6, 2005, Father filed a Notice of Appeal with this Court, but failed to file a certified transcript with the trial court clerk, as required by Tenn. R. App. P 24(b). On October 23, 2006, this Court dismissed the appeal after giving Father ample time to cure his error. Father filed a "Motion to Vacate Dismissal of Appeal Entered October 23, 2006," and this Court granted the motion on March 9, 2007. On May 2, 2007, the juvenile court clerk certified the record. We now turn to the issues on appeal.

### *Issues on Appeal and Standard of Review*

In his brief, Appellant raises the following issue:

1.      Whether the Respondent mother is obligated to pay retroactive child support when the Respondent claims that Mr. Golden waived his rights to child support, when the custody order is silent as to child support and when the Court has deviated from Child Support Guidelines without a writing of finding or finding of law?

As stated in her brief, Appellee raises six (6) additional issues:

1.      Can the trial court bifurcate determination of current child support from a determination of retroactive child support for nearly two years?

2.      If a trial court bifurcates determination of current child support from a determination of retroactive child support for nearly two years, is the order setting current child support an "order for support" pursuant to Tenn. Code Ann. § 36-5-101 *et seq.* (Supp. 2004), which cannot be modified retroactively?

3.      If a trial court "reserved " determination of retroactive child support, does a child support order for current support become merely a "temporary" support order, which can be modified retroactively?

4.      If Golden's actions below are the reason that the trial court could not calculate retroactive child support, can the trial court dismiss the Golden's claims for retroactive child support as a sanction for Golden's non-cooperation?

5.      If Golden's actions below are the reason that the trial court could not make a calculation of retroactive child support, can a determination of retroactive child support on remand incorporate the entire period of the minor child's life calculated under the current "income shares" child support guidelines, so that a "current" child support order and "retroactive" child support order are calculated under the same guidelines?

6.      If Murrell is the primary residential parent of Parties' minor child, and Golden's actions below are the reason that the trial court could not make a calculation of retroactive child support, can a determination of retroactive child support incorporate either a set-off or downward deviation of the presumptive support order to adjust for necessary and burdensome legal fees incurred by Murrell due to Golden's conduct in this case?

We review the trial court's findings of fact *de novo* on the record with the presumption that those findings are correct, unless "the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d); *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87, 91 (Tenn. 1993). We review conclusions of law *de novo* with no presumption of correctness. *Campbell v. Fla. Steel Corp.,* 919 S.W.2d 26, 35 (Tenn. 1996).

### *Discussion and Legal Analysis*

First, we address the issue of whether the trial court erred in dismissing the parties' petitions for retroactive child support. On January 27, 2004, Mother petitioned the trial court for child

support, including retroactive child support and medical insurance. In response, on March 19, 2004, Father petitioned the court for retroactive child support for the time Child was in his custody, from January 1995 to May 2003. From March 30, 2004, to June 1, 2005, the case was continued six (6) times. On April 14, 2004, the Referee ordered Father to pay $540 per month in prospective child support and to provide medical insurance for Child, but reserved the issue of retroactive child support. On May 19, 2004, the Referee continued the case until July 14, 2004, in order for both parties to provide proof of support paid, proof of income from previous years, and proof of medical expenses paid. On July 14 and September 29, 2004, the case was further continued. On October 8, 2004, a Consent Order was issued in which the parties agreed to another continuance of no less than six (6) weeks. The parties also agreed to provide tax returns to each other and for each party to provide calculations of the retroactive support each party claimed to be owed. On November 23, 2004, Mother sent, by certified mail, her financial documents, as required by the Consent Order. On December 12, 2004, the Referee continued the case for final disposition to March 30, 2005, and ordered that, if the parties were unable to agree on how much retroactive support was owed, then both parties' attorneys would provide a year by year account of their clients' incomes at the next hearing. Additionally, the Referee ordered Father to sign the IRS release to obtain his tax returns, to make payments for copies of the returns, and to mail the release on December 12, 2004 (the same date as the Referee's Findings and Recommendations). Mother was awarded attorney's fees in the amount of $870.00.

The technical record contains no record of a March 30, 2005, disposition, but on May 31, 2005, Mother moved for sanctions against Father, requesting that Father's petition for retroactive child support be dismissed for want of prosecution. Mother alleged that Father's current income is known and available and should be imputed to past years because Father has failed to produce actual income figures. Mother also asked for Father and his counsel to reimburse her for attorney's fees and expenses since December 8, 2004.

On June 1, 2005, the Referee issued her Findings and Recommendations. Her ruling contained no written findings of fact or law, but dismissed both parties' petitions for retroactive child support and waived the costs. No transcript of the hearing leading up to the ruling was included in the record. The parties requested a rehearing before the juvenile judge and, on December 9, 2005, Special Judge Blancett reconfirmed the Referee's ruling of June 1, 2005. Judge Blancett's Order did not contain any findings of fact or law, and the transcript of the hearing leading up to his Order does not reveal the court's reasoning behind the dismissal.

Our review of the record reveals that Father and his counsel never provided Mother or the court with the required financial information, despite multiple continuances which appear to be at the request of Father or his counsel. Father appears to have continually stymied these child support proceedings by his willful non-compliance with the discovery process and those deadlines imposed by the juvenile court. The record does not reveal if Father's counsel ever notified his client of the court-ordered task of securing the required financial documents; however, this Court has affirmed

dismissals even where the party's failure to comply with the trial court's discovery order appears to be more attributable to that party's attorney than to the party. *See, e.g., Gordon v. Wilson,* No. 02A01-9611-CV-00282, 1998 WL 315940, at *4 (Tenn. Ct. App. June 17, 1998); *Nokes v. Hooper,* No. 89-90-II, DeKalb Law, 1989 WL 115186, at *3 (Tenn. Ct. App. Oct.4, 1989).

Although both orders are silent as to the reason for the dismissal, it seems most likely that the Referee and Special Judge dismissed the parties' petitions because of the numerous requested continuances and Father's failure to supply the financial documents required by the Consent Order and the Referee's scheduling order of December 8, 2004. The trial court may have dismissed the parties' petitions as sanctions, pursuant to Tenn. R. Civ. P. Rule 37.02(C) or as an involuntary dismissal for failure to prosecute, pursuant to Tenn. R. Civ. P. Rule 41.02.

We note that Tennessee's trial courts possess broad discretionary authority to control their dockets and the proceedings in their courts. *Hessmer v. Hessmer*, 138 S.W.3d 901, 904 (Tenn. Ct. App. 2003). However, dismissal is a harsh sanction that generally is not favored in circumstances where lesser sanctions are available. *Mfrs. Consol. Serv., Inc. v. Rodell*, 42 S.W.3d 846, 864 (Tenn. Ct. App. 2000).

In *McKay v. McKay*, we discussed the propriety of dismissal as sanctions in a family law matter:

> [Tennessee Rules of Civil Procedure] Rule 37 expressly authorizes the trial court to dismiss a plaintiff's action, either upon motion or *sua sponte,* as a sanction for the plaintiff's violation of the court's discovery order or for a party's failure to attend a deposition. *See* Tenn. R. Civ. P. 37.04 and Tenn. R. Civ. P. 37.02(C). Accordingly, courts have repeatedly upheld the dismissal of an action where the plaintiff has failed to comply with the trial court's order compelling discovery. *See, e.g., Holt v. Webster,* 638 S.W.2d 391 (Tenn. Ct. App.1982); *Johnson v. Wade,* 2000 WL 1285331 (Tenn. Ct. App. Sept. 6, 2000); *Gordon v. Wilson,* 1998 WL 315940 (Tenn. Ct. App. June 15, 1998); *Nokes v. Hooper,* 1989 WL 115186 (Tenn. Ct. App. Oct. 4, 1989); *Ratliff Dev. Corp. v. Brooks,* 1988 WL 116455 (Tenn. Ct. App. Nov. 2, 1988). When a trial court imposes the sanction of dismissal, the decision will not be disturbed on appeal in the absence of an affirmative showing that the trial judge abused his or her discretion. *Shahrdar v. Global Hous., Inc.,* 983 S.W.2d 230, 236 (Tenn. Ct. App. 1998).

*McKay v. McKay*, No. W2004-00610-COA-R3-CV, 2005 WL 240607, at *5 (Tenn. Ct. App. Jan. 31, 2005) (*no perm. app. filed*).

The law regarding involuntary dismissals is similar. Tennessee Rules of Civil Procedure Rule 41.02 affords trial courts express authority to dismiss cases for failure to prosecute or for failure to comply with the procedural rules or the orders of the court, but this authority should be exercised sparingly and with great care. *Hessmer*, 138 S.W.3d at 904. The purpose of this rule is to enable the trial court to manage its own docket, and to protect defendants against plaintiffs who are unwilling to put their claims to the test, but are determined to subject them to the continuing threat of an eventual judgment. *Osagie v. Peakload Temp. Servs.*, 91 S.W.3d 326, 329 (Tenn. Ct. App. 2002).

In the instant case, the Referee and the Special Judge dismissed the parties' petitions for retroactive child support, but did not specify the reason for the dismissal. Section 36-2-311 of the Tennessee Code governs retroactive child-support orders.[1] The pertinent code provisions and the Child Support Guidelines make it clear that, in cases where an initial child support obligation is set, there is a presumption that the non-custodial parent must pay retroactive support. *See* Tenn. Comp. R. & Regs. ch. 1240-2-4-.06(1), (2) (2006). Any deviation from this presumption must be supported by written findings of fact and conclusions of law, including a written finding that retroactive support would be unjust and inappropriate and that the best interest of the children would be served by not ordering such support. *See* Tenn. Comp. R. & Regs. ch. 1240-2-4-.06(2) (2006). Because child support decisions retain an element of discretion, we review these decisions based upon the deferential "abuse of discretion" standard. *Richardson v. Spanos,* 189 S.W.3d 720, 725 (Tenn. Ct. App. 2005). This standard is a review-constraining standard of review that calls for less intense appellate review and, therefore, less likelihood that the trial court's decision will be reversed. *Id.* (citing *State ex rel. Jones v. Looper*, 86 S.W.3d 189, 193 (Tenn. Ct. App. 2000); *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 222-23 (Tenn. Ct. App. 1999)).

With only a sparse record and two (2) nonspecific orders, we cannot determine the reason why the trial court dismissed both parties' petitions, let alone whether the trial court abused its discretion in dismissing the case for sanctions, a failure to prosecute, and/or finding that retroactive child support was unjust or inappropriate in this case. Accordingly, we remand this case to the juvenile court with instructions to issue an order that sets out the requisite authority and explains the reasoning behind the dismissal. Additionally, if the dismissal is intended to be a denial of the parties' petitions for retroactive child support, the trial court's order must comply with the Child

---

[1]Section 36-2-311(a)(11)(B) provides:

> In cases in which the presumption of the application of the guidelines is rebutted by clear and convincing evidence, the court shall deviate from the child support guidelines to reduce, in whole or in part, any retroactive support. The court must make a written finding that application of the guidelines would be unjust or inappropriate in order to provide for the best interests of the child or the equity between the parties.

Tenn. Code Ann. § 36-2-311(a)(11)(B)(2005).

Support Guidelines requirements as discussed *supra*. Based on our findings, all other issues are pretermitted or are premature to this appeal.

Finally, Mother seeks an award of attorney's fees and costs for a frivolous appeal. In the exercise of our discretion, we decline to award attorney's fees to either party.

### *Conclusion*

For the foregoing reasons, this cause is remanded to the trial court for a determination of why the parties' petitions for retroactive child support were dismissed. Costs of this appeal are assessed equally between the parties, Appellant, Michael Golden, and his surety, and Appellee, Terry Murrell.

_____

DAVID R. FARMER, JUDGE