IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 4, 2019 Session

**LATOYA LEDFORD, EX REL. NAYELI RODRIGUEZ
v. STATE OF TENNESSEE**

**Appeal from the Claims Commission
No. T20161036    William A. Young, Commissioner**

———————————————————————

**No. E2019-00480-COA-R3-CV**

———————————————————————

This appeal is from the Claims Commission's order granting the defendant's motion to dismiss pursuant to Tennessee Code Annotated sections 9-8-402, 29-26-121, and 29-26-122. We must affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Claims Commission
Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and THOMAS R. FRIERSON, II, J., joined.

Euel Walter Kinsey, Jr., Bloomfield Hills, Michigan, for the appellant, Latoya Ledford.

Herbert H. Slatery, III, Attorney General and Reporter, Andreé S. Blumstein, Solicitor General, and Robert W. Mitchell, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.    BACKGROUND**

This matter involves a health care liability action filed against the State of Tennessee ("the State") by Latoya Ledford ("Claimant"). Claimant alleges that on October 9-10, 2014, attending physician Dr. Howard Herrell, the nursing staff at Johnson City Medical Center, along with residents from James H. Quillen College of Medicine at East Tennessee State University ("ETSU"), departed from the applicable standards of care while treating Claimant and her daughter ("the Child") when they failed to recognize

signs and symptoms of fetal distress and a ruptured uterus. Claimant's labor had been primarily managed by first-year resident Dr. Alison Cronin, in conjunction with Dr. Belinda Reardon, a third-year resident. Both residents were supervised by Dr. Herrell. Claimant contends that although Dr. Herrell promised to meet her on the evening of October 9th, he did not see her until shortly before an emergency C-Section was performed. Because of the ruptured uterus, the full-term Child was not breathing at the time of delivery and suffered severe brain damage due to the loss of adequate oxygen for a prolonged period of time. She now suffers from a seizure disorder, is unable to walk, and depends on nutrition through a G-tube. Claimant argues that the damages incurred by her and the Child were avoidable if the standard of care had been met by the attending doctor, nurses, and residents.[1]

On October 7, 2015, Claimant served notice on all defendants pursuant to Tennessee Code Annotated section 29-26-121. On January 29, 2016, Claimant's counsel contacted the Division of Claims Administration and the Attorney General's office because the case had not been turned over to the Claims Commission.[2] Retroactive application of the 90-day period and immediate referral to the Claims Commission was requested. A notice of claim and a complaint were filed with the Division of Claims Administration on February 3, 2016. The certificate of good faith attached was for the separate action in Washington County Circuit Court. Thereafter, the claim was transferred to the Claims Commission on May 3, 2016. Claimant sent a second pre-suit notice to ETSU on March 14, 2017, and filed a second complaint in the Claims Commission on July 5, 2018. The second complaint, essentially an amended complaint, referenced the new notice sent to the several defendants for the circuit court case and the State. Inadvertently, the certificate of good faith attached to the second complaint related to yet another case and bears a 2011 date.

The Commission did not issue an initial scheduling order until June 2018, 25 months after the matter had been transferred to the Commission. The State moved to dismiss the action on October 9, 2018. The Claims Commission Court granted the motion, finding, *inter alia*, that Claimant had failed to prosecute the claim as required by Tennessee Code Annotated section 9-8-402(b) and had failed to provide HIPAA-compliant[3] medical authorizations as required by Tennessee Code Annotated section 29-26-121. Claimant timely filed this appeal.

---

[1] Claimant asserts that Dr. Herrell was subjected to disciplinary action after this incident.
[2] Claimant's counsel sent a letter documenting the failure of the Division of Claims Administration to understand that the notice letter dated October 6, 2015, constituted a claim and should have been acted upon within 90 days.
[3] Health Insurance Portability and Accountability Act of 1996.

## II.     ISSUES

The issue raised on appeal by Claimant is whether the Claims Commission properly dismissed her health care liability action for failure to prosecute and failure to comply with pre-suit-notice requirements.

## III.     STANDARD OF REVIEW

Review of a trial court's findings of fact is *de novo* upon the record, accompanied by a presumption of correctness, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *Coal Creek Co. v. Anderson Cnty.*, 546 W.W.3d 87, 98 (Tenn. Ct. App. 2017). Review of a trial court's conclusions of law is *de novo* with no presumption of correctness. *Id.*

A dismissal of the case for failure to prosecute, pursuant to Tennessee Code Annotated section 9-8-402(b), is reviewed for an abuse of discretion. *Holt v. Webster*, 638 S.W.2d 391 (Tenn. Ct. App. 1982). A trial court has "considerable discretion to dismiss a case for failure to prosecute." *Grissom v. State*, No. W2001-03021-COA-R3-CV, 2002 WL 31895712, at *2 (Tenn. Ct. App. Dec. 23, 2002) (internal citations omitted); Tenn. R. Civ. P. 41.02(1).

A motion to dismiss pursuant to Rule 12.02 for failure to state a claim is the proper way to challenge a complaint's compliance with Tennessee Code Annotated section 29-26-121 and 29-26-122; *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 307 (Tenn. 2012). The burden shifts to the claimant to show either compliance or extraordinary cause for non-compliance. *Id.* Such a motion challenges only the legal sufficiency of the complaint, not the strength of a claimant's proof. *Phillips v. Montgomery Cnty.*, 442 S.W.3d 233, 237 (Tenn. 2014).

## IV.     DISCUSSION

### A.

Tennessee Code Annotated section 9-8-402(b) provides that "[a]bsent prior written consent of the commission, it is mandatory that any claim filed with the claims commission upon which no action is taken by the claimant to advance the case to disposition within any one-year period of time be dismissed with prejudice." Tenn. Code Ann. § 9-8-402(b). This court "has recognized on several occasions that the plain language of the statute mandates dismissal if no action is taken for a one-year period." *Mathis v. State*, No. M2009-02398-COA-R3-CV, 2010 WL 2482330, at * 3 (Tenn. Ct. App. Jun. 10, 2010). The only exception is if claimant has secured the prior written

consent of the Commissioner. *Id.* As noted in *Skipper v. State*, No. M2009-00022-COA-R3-CV, 2009 WL 2365580, at * 3 (Tenn. Ct. App. Jul. 31, 2009), even if a claimant is waiting on action to be taken by the State, inaction may result in the case being dismissed.

Claimant filed her complaint with the Division of Claims Administration on February 3, 2016. The claim was transferred to the Claims Commission on May 3, 2016. Claimant points to a March 22, 2017, letter sent by the Division of Claims Administration "regarding notice of a potential claim." This letter references a March 17, 2017, letter that was received from Claimant by the Division of Claims Administration on March 21, 2017. In her second complaint filed on July 5, 2018, Claimant alleges that the State was served with a second notice in March 2017, which is ample evidence that she was continuing to prosecute the claim. Receipt was acknowledged by the Division of Claims Administration in a letter dated March 22, 2017. Claimant contends that the Commissioner wrongly rejected this fact as to evidence of action taken by the claimant within one year "so as to suspend the operation of this statute." *See* Tenn. Code Ann. § 9-8-402(b).[4]

The Commission determined that the sending of the notice letter did not constitute an action to advance the case to disposition under Section 9-8-402(b). As noted by the Commissioner, "There appears to be no indication that any activity occurred in the

---

[4]The Commissioner specifically indicated as follows:

> The Claimant acknowledges receiving correspondence relating to the claim being transferred to the claims commission. . . . There appears to be no indication that any activity occurred in the Claims Commission taken by the Claimant to advance the case to disposition, until July 5, 2018, when Claimant filed a second complaint. Within the Claims Commission, a period of year one year had elapsed without action taken by the Claimant to advance the case to disposition. Tenn. Code Annotated § 9-8-402(b). The Defendant's motion to dismiss was filed on October 9, 2018, in response to the Claimant's July 5, 2018, complaint and/or this Commission's Initial Order Governing Proceedings entered on June 1, 2018, and filed with the Claims Commission Clerk on June 7, 2018. This was Defendant's first filing of any type in this claim. In response to Defendant's motion, Claimant has not in her filings pointed the Commission to any information that, during the interim, Claimant did attempt to seek out the Defendant, or communicate in any respect with the Attorney General's office, or make any contact with the Claims Commission Clerk or the Commissioner or his staff. Under the attendant circumstances, the Commission regrettably finds that [it] has no alternative but to conclude that the Claimant did not obtain "prior written consent of the commission" to suspend activities or refrain from conducting activities in this claim before the Commission. Tenn. Code Ann. § 9-8-402(b) (emphasis supplied by the undersigned). The statute clearly states that dismissal is "mandatory" with respect to "any claim filed with the claims commission upon which no action is taken by the claimant to advance the case to disposition within any one-year period of time. . . ." *Id.* (emphasis supplied by the undersigned).

Claims Commission, taken by the Claimant to advance the case to disposition, until July 5, 2018, when Claimant filed a second complaint." Consequently, "a period of over one year had elapsed without action taken by the Claimant to advance the case to disposition."

Claimant asserts that on June 7, 2018, when the Commissioner issued an initial scheduling order in the case before the Claims Commission, "such an order can serve as written consent from the commission to forego dismissal absent advancement of the case. . . ." The Commissioner held, however, that "[t]he Claimant cites no authority to support this proposition" and "that it was not his intent, implicit or otherwise, to provide, nor did he provide, a retroactive consent for Claimant's failure to take required action."

Claimant asserts that the State did not file an answer to the original complaint and that no answer was filed or served on Claimant, that the Division of Claims Administration did not properly respond to her claim, and that the Claims Commission failed to issue a scheduling order until June 2018. She also complains that she did not receive a "Warning letter for No Progress or a Show Cause." We find her assertions unavailing. As argued by the State, the responsibility for taking action to advance the case to disposition is Claimant's, and if no action is taken, the claim "*must* be dismissed with prejudice." Tenn. Code Ann. § 9-8-402(b) (emphasis added). *See Mathis*, 2010 WL 2482330, at *3 (affirming dismissal after no action was taken to prosecute the claim for three years, and claimant did not present evidence concerning his failure to prosecute); *see also Skipper*, 2009 WL 2365580, at *3-4 (affirming dismissal when claimant presented no evidence he sought the written consent of the Claims Commission for claimant's failure to act for over a year); *Grissom*, 2002 WL 31895712, at *2 (rejecting argument that the one-year period is tolled while the claimant awaits the State's answer).

There was more than a one-year lapse between Claimant's February 2016 complaint and her March 2017 letter; another such lapse occurred between the March 2017 letter and Claimant's July 2018 complaint. The record includes no indication that Claimant sought the written consent of the Claims Commission for her failure to take any action during the periods that the case sat dormant. The action was properly dismissed.

**B.**

Claimant also challenges the Claims Commission's dismissal of her case for failure to comply with the pre-suit-notice requirements of Tennessee Code Annotated section 29-26-121. The State argues that this issue is waived because it is not included in Claimant's statement of the issues presented for review. *See Hodge v. Craig*, 382 S.W.3d 325, 334-35 (Tenn. 2012).

5

Upon considering the issue, we note that notice of a potential health care liability claim must be given to a named defendant at least 60 days prior to filing the complaint, and that notice must include, among other things, a HIPAA-compliant medical-authorization form so that each defendant can obtain complete medical records from other providers. Tenn. Code Ann. § 29-26-121(a)(1), (a)(2)(E).

In the instant case the State asserted that Claimant had not attached any HIPAA authorizations to her October 7, 2015, pre-suit notice to the Division of Claims Administration or to her February 2016 complaint. Claimant insists that she included the authorizations with her pre-suit notice. The Claims Commission, however, found Claimant's proof lacking:

> [T]he Commission notes that no authorizations or copies of authorizations, whether partially complete or otherwise, are attached to [Claimant's motion response]. Similarly, in the Complaint filed in the Claims Commission (February 3, 2016), no HIPAA compliant authorization copies are attached either to the complaint or to the copy of the October 7, 2015 letter. No such authorizations have been presented for this Tribunal to view.

Claimant contends that the Commission "was confusing the requirements" for attaching authorizations to the notice under subdivision -121(a)(2) with those for attaching authorizations to the complaint under subdivision -121(b).[5]

Once a complaint is filed, Section 29-26-121(b) states that the pleadings "shall provide the documentation specified in subdivision (a)(2)," which, as the Commission rightly observed, "specifically includes (subsection (E)) the HIPAA compliant medical authorization." The Claims Commission observed that in this claim, "there was not a HIPAA authorization, and the Claimant has not produced one. Copies of the authorization were not filed with the Complaint." The Commission specifically determined that it "simply cannot find that the Claimant substantially complied with the statute. The Commission finds that the error here is not a non-substantive error. . . ." *See Stevens v. Hickman Cmty. Health Servs., Inc.*, 418 S.W.3d 547, 555 (Tenn. 2013). Accordingly, the Commission properly found "that there was not substantial compliance by Claimant with respect to the HIPAA authorization." Because Claimant failed to

---

[5]According to the State, it is actually Claimant who confuses the requirements, as she cites Section 29-26-121(b)(4) in support of her assertion that "proof was provided by an Affidavit of the party mailing the notice, along with filing a copy of the certificate of mailing and a copy of the notice sent." But that is a reference to Subdivision -121(a)(4), which addresses proof of service of the pre-suit notice *by mail* in compliance with Subdivision -121(a)(3)(B).

demonstrate compliance with Tennessee Code Annotated section 29-26-121(a)(2) or -121(b), the case was properly dismissed on this basis as well.

## C.

Claimant additionally challenges the Claims Commission's dismissal of her July 2018 complaint based on the finding that it lacked a compliant certificate of good faith that Claimant had consulted with at least one expert about the case, as required by Tennessee Code Annotated section 29-26-122. Claimant contends that the 2018 complaint did not require a new certificate of good faith because the 2016 complaint contained one. The State argues that neither complaint contained a compliant certificate of good faith, as the 2016 certificate is for the Washington County Circuit Court action and the 2018 certificate is for an unrelated case altogether in Davidson County Circuit Court bearing a 2011 date – three years prior to the allegations in this matter. According to the State, because the 2016 certificate is for a different case with different parties, a separate certificate is required for the matter before the Commission. *See Sirbaugh v. Vanderbilt Univ.*, 469 S.W.3d 46, 53 (Tenn. Ct. App. 2014) (holding that a certificate of good faith must apply to each individual defendant in order to assure that an expert believes there is a good faith basis to maintain a cause of action against each defendant).

Our Supreme Court has previously held that "the filing of a certificate of good faith with a complaint is mandatory, and strict compliance is required." *Groves v. Colburn*, No. M2012-01834-COA-R3-CV, 2013 WL 3964758, at *3 (Tenn. Ct. App. July 30, 2013) (citing *Myers*, 382 S.W.3d at 308); *see also Sirbaugh*, 469 S.W.3d at 51. The certificate of good faith must certify that an expert has reviewed the alleged facts and claims specific to a particular defendant and that the expert believes there is a good faith basis for maintaining a claim against that defendant. *See Sirbaugh*, 469 S.W.3d at 53. Claimant's failure to comply with the certificate of good faith requirement also mandates dismissal. *See Newman v Guardian Health Care Providers, Inc.*, No. M2015-01315-COA-R3-CV, 2016 WL 4069052, at * 4 (Tenn. Ct. App. Jul. 27, 2016).

## D.

We pretermit consideration of a number of other arguments raised by Claimant, including several not made in the Claims Commission and therefore waived. *See Commerce Union Bank v. Bush*, 512 S.W.3d 217, 224 (Tenn. Ct. App. 2016) ("Issues raised for the first time on appeal are waived.") (quoting *Black v. Blount*, 938 S.W.2d 394, 403 (Tenn. 1996)); *Nunn v. Tenn. Dep't of Correction*, 547 S.W.3d 163, 190 (Tenn. Ct. App. 2017) (appellate courts "are limited in authority to the adjudication of issues that are presented and decided in the trial courts"); *see also City of Memphis v. Shelby County*, 469 S.W.3d 531, 560-61 (Tenn. Ct. App. 2015) (finding issue was waived when

it was only mentioned in the footnote of a pre-trial brief filed the day before trial and was "minimally addressed").

## V.  CONCLUSION

For the reasons stated, the judgment of the Claims Commission is affirmed, and the case is remanded for such further proceedings as may be necessary.  Costs of the appeal are taxed to the appellant, Latoya Ledford.

_____
JOHN W. McCLARTY, JUDGE