# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### January 8, 2025 Session

## TAMMY HUTSON BOONE v. PAUL DALE BOONE

**Appeal from the Circuit Court for Williamson County**
No. 12CV-324     Deana C. Hood, Judge

_____

### No. M2024-00029-COA-R3-CV

_____

The main issues in this post-divorce appeal concern the trial court's rulings on the parties' requests for attorney's fees. In addition to the post-divorce proceedings, the husband filed a declaratory judgment petition to determine the amount he owed the wife under the parties' marital dissolution agreement ("the MDA"). The husband and the wife then engaged in protracted litigation to determine the amount owed. The husband later amended the declaratory judgment petition to include a request to modify alimony. The parties resolved the declaratory judgment petition by providing the trial court with an amount upon which they agreed. The husband then voluntarily nonsuited the petition to modify alimony. Both parties sought an award of attorney's fees pursuant to the MDA. The trial court determined that the husband was the successful party in the declaratory judgment action and that there was no successful party in the request to modify alimony. The court declined to award either party attorney's fees. The wife appealed, asserting that she was the successful party in both actions and that the court should have awarded her attorney's fees to her. The wife also challenged discovery sanctions entered against her. First, we determine that the declaratory judgment action did not fall under the fee provision of the parties' MDA. Therefore, the trial court erred in finding the husband to be the successful party in that action; we affirm the portion of the order declining to award either party attorney's fees. Next, based upon a recent decision of our Supreme Court, we determine that the wife was the successful party in the petition to modify alimony and reverse the trial court's decision to the contrary. We affirm the imposition of discovery sanctions.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part, Reversed in Part, and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and W. NEAL MCBRAYER, J., joined.

G. Kline Preston, IV, Nashville, Tennessee, for the appellant, Tammy Hutson Boone.

Morgan E. Smith, Nashville, Tennessee, for the appellee, Paul Dale Boone.

## OPINION

### FACTUAL AND PROCEDURAL HISTORY

Tammy Boone ("Wife") and Paul Boone ("Husband") were married in 1988 and divorced in 2013. They have two children together. As a part of the divorce, the parties entered into the MDA that was approved by the trial court and incorporated into the final decree. The relevant portions of the MDA included an award of transitional alimony to Wife that was structured so that the payments would decrease periodically and terminate upon her reaching 70 years of age or by her death, remarriage, or cohabitation with a non-related third party. The MDA also included a provision for selling the parties' home and dividing the net proceeds equally and a provision stating that, if it became necessary to institute or defend legal proceedings to enforce the agreement, "the unsuccessful party of said proceedings shall pay the reasonable attorney's fees, court costs and litigation expenses of the successful party."

In December 2020, Wife filed a petition in the Circuit Court for Williamson County, seeking to have Husband held in civil contempt based upon allegations that Husband had violated the MDA by failing to pay her half of the proceeds from the sale of the parties' home and child support. Husband filed an answer to the petition, in which he admitted that he had failed to transfer half of the sale proceeds from the parties' home and to pay his full child support obligation. Although Husband admitted he owed Wife money, the parties could not agree on the amount. The parties then entered into a lengthy discovery process. The court then entered an order directing Wife to provide the amount she believed was due to her and for Husband to pay by April 1, 2021. The order also provided that, in the event of disagreement between the parties regarding the amount, the matter was to be set for a hearing.

On April 1, 2021, Husband, through his counsel, tendered a payment of $380,960.66 to Wife. Wife then filed a notice of voluntary dismissal of her contempt petition. However, because Wife failed to confirm whether this payment satisfied what she believed she was owed, on May 24, 2021, Husband filed a sworn petition for declaratory judgment, seeking an order establishing that the amount paid to Wife constituted full and final satisfaction of any claim she may have against him. In response, Wife filed a motion to dismiss the petition, asserting that a declaratory judgment was not the proper method to resolve the parties' dispute.[1]

---

[1] The court denied Wife's motion to dismiss on August 31, 2021.

After Wife failed to appear for a deposition, Husband filed the first of several motions for sanctions filed during these proceedings.[2] In September 2021, Husband filed a motion to compel Wife to appear for a deposition. The court then ordered Wife to appear for a deposition and entered an agreed order that Wife would submit her complete discovery responses by November 5, 2021. However, later that month, Husband filed a motion for default and to set, alleging that Wife had failed to respond and comply with the discovery order. Contemporaneously with this motion, Husband filed a motion for summary judgment.

In December 2021, Wife filed a response to the motion for default, an answer to the declaratory judgment petition, and a counterclaim. The counterclaim sought that Husband be found in civil contempt and that he be ordered to pay half of the proceeds from the sale of the marital home plus interest, child support, and compensatory and punitive damages.[3] Wife also sought the dismissal of the declaratory judgment petition and an award of her attorney's fees. Husband filed an answer to the counterclaim on January 18, 2022.

Wife then filed a response to the motion for summary judgment. After a hearing, the court denied the motion for summary judgment. The court entered another agreed discovery order directing Wife to submit her full discovery responses by April 26, 2022. When Wife again failed to appear for her deposition, Husband filed a second motion for sanctions, alleging noncompliance with the discovery order, and a motion to compel Wife to appear.

The parties eventually agreed to take Wife's deposition on June 20, 2022. On June 7, the court held a hearing on the motion for sanctions, after which it entered an order directing Wife to appear for the scheduled deposition and to bring "anything necessary for her to fully and completely respond to any Interrogatories and Requests for Production of Documents previously propounded upon her in this cause."

Based upon Wife's deposition testimony, Husband filed a motion to suspend alimony payments and for leave to amend the petition for declaratory judgment, alleging that Wife was cohabitating with a romantic partner. Husband filed a third motion for sanctions contemporaneously with this motion, in which he alleged that Wife failed to bring any documents to the deposition in violation of the court's order. On July 22, 2022, the court ruled on the motions, granting leave to amend, denying the suspension of alimony,

---

[2] Husband later filed a motion to strike this motion for sanctions, alleging the issue had become moot.

[3] Notably absent from this counterclaim are any definite amounts Wife alleged she was owed, including what she believed she was owed from the sale of the parties' home. Instead, the counterclaim requested "compensatory damages in excess of $250,000 and punitive damages in a multiple of the compensatory damages."

continuing the trial date, and indicating that the court considered contempt to be an appropriate sanction for Wife's conduct regarding discovery.

In August of 2022, Husband filed an amended petition for declaratory judgment, in which he added a request to modify or terminate alimony. Husband also filed a motion for civil contempt alleging that Wife had failed to comply with the court's discovery orders, a motion for a finding of spoliation, and a motion to compel Wife's attorney to provide an accounting of escrowed funds. Wife filed responses to the motions later that month. On September 27, 2022, the parties announced to the trial court that they had reached an agreement regarding Husband's motion to compel that specifically reserved judgment on attorney's fees for the court. The court entered an order from this hearing on November 3, 2022, accepting the parties' agreement that Husband continued to owe Wife $5,746.34, declining to find spoliation, and declaring that all issues from the divorce had been resolved.

On October 5, 2022, the court entered a memorandum and order for civil contempt, awarding attorney's fees to Husband as a discovery sanction, awarding attorney's fees to Wife for defending the motion for accounting, and ordering the parties to file fee affidavits by November 5. On December 8, 2022, the court entered an order reflecting its October 5 order, awarding Wife $3,780 in fees and Husband $51,138.05. Therefore, the court awarded Husband a judgment of $47,358.05.

After Husband filed a motion for a default judgment alleging Wife had failed to respond to his petition to modify alimony, Wife filed an answer to the amended petition for declaratory judgment, adding a jury demand and reaffirming her counterclaims for civil contempt and damages. The court then entered an agreed order setting the petition to modify alimony for a three-day trial in July 2023.

On June 13, 2023, Wife filed a motion to revise the court's November 3, 2022 order, arguing that the court had not dismissed her counterclaims.[4] Wife also requested to continue the trial. Husband filed a response; however, Wife struck the motion before the court heard it. The court then entered an order stating that Husband's counsel had informed it that Husband intended to dismiss the request to modify alimony. Therefore, the court set all remaining issues for an August 2023 hearing. Husband then nonsuited his remaining issues.

Thereafter, both parties filed motions seeking awards of attorney's fees. Wife sought attorney's fees for defending against the petition to modify alimony and in the declaratory judgment action. Husband sought attorney's fees for filing a motion to allow one of his

---

[4] Husband's counsel argued that the order implied that Wife's counterclaims had been dismissed because it stated that "All issues of the Final Decree of Divorce have now been fully and finally resolved." Wife disagreed with this position.

witnesses to testify via video conference at a hearing and for responding to Wife's motion to revise the court's November 3 order. The court held a hearing on the competing motions on October 2, 2023. The court entered an order on December 8, 2023, finding that Husband was the successful party in the declaratory judgment action and declining to award either party attorney's fees.

Wife timely appealed and presents the following issues for our review: (1) whether the trial court should have determined Wife to be the successful party in both matters and awarded her attorney's fees; and (2) whether the trial court erred by awarding Husband his attorney's fees. Husband presents the additional issue of whether he should be awarded his reasonable attorney's fees incurred on appeal.

## STANDARD OF REVIEW

A trial court's decision regarding awards of attorney's fees is within the sole discretion of the trial court and will be upheld absent an abuse of discretion. *Kline v. Eyrich*, 69 S.W.3d 197, 203 (Tenn. 2002). Under this standard, appellate courts will not "second-guess" the trial court or substitute our judgment for that of the trial court. *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010). Instead, we apply the following principles:

> An abuse of discretion occurs when a court strays beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision. A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence.

*Id.* (citation omitted).

Husband and Wife each assert they were the "successful" party under the terms of their MDA. Therefore, we are called upon to interpret the language of the MDA, which presents a question of law. *Eberbach v. Eberbach*, 535 S.W.3d 467, 473 (Tenn. 2017). Accordingly, we review the trial court's conclusions regarding the terms of the MDA de novo without any presumption of correctness. *Id.*

## ANALYSIS

Wife asserts she was the successful party in both the declaratory judgment action and the petition to modify alimony and that, therefore, she should have been awarded her attorney's fees under the MDA's provision regarding fee awards. Wife also argues that the court erred by awarding Husband attorney's fees as a discovery sanction. For his part, Husband asserts that the court did not abuse its discretion in finding him to be the prevailing

- 5 -

party in the declaratory judgment action and that there was no successful party in the petition to modify alimony because it was voluntarily dismissed. Further, Husband asserts the court did not abuse its discretion in awarding him his attorney's fees as a discovery sanction.

A discussion of the court's authority to award attorney's fees is warranted at the outset. As our Supreme Court has stated:

> Tennessee has long followed the "American Rule" with regard to attorney's fees. This Rule provides that "a party in a civil action may recover attorney's fees only if: (1) a contractual or statutory provision creates a right to recover attorney's fees; or (2) some other recognized exception to the American Rule applies, allowing for recovery of such fees in a particular case." Otherwise, litigants are responsible for their own attorney's fees.
>
> One of the most common exceptions to the American Rule involves contracts that contain provisions expressly permitting or requiring the prevailing party to recover its reasonable attorney's fees incurred to enforce the contract. Accordingly, parties who have prevailed in litigation to enforce their contractual rights are entitled to recover their reasonable attorney's fees once they demonstrate that the contract upon which their claims are based contains a provision entitling the prevailing party to its attorney's fees.
>
> A marital dissolution agreement ("MDA") is a contract entered into by a husband and wife in contemplation of divorce. As a contract, a MDA generally is subject to the rules governing construction of contracts. If approved by the trial court, the MDA is incorporated into the decree of divorce, as it was in this case. *See* Tenn. Code Ann. § 36-4-103(b). Once incorporated, issues in the MDA that are governed by statutes, such as child support during minority and alimony, lose their contractual nature and become a judgment of the court. The trial court retains the power and discretion to modify terms contained in the MDA relating to these statutory issues upon sufficient changes in the parties' factual circumstances. However, on issues other than child support during minority and alimony, the MDA retains its contractual nature. Thus, a MDA may include enforceable contractual provisions regarding an award of attorney's fees in post-divorce legal proceedings.

*Id.* at 474-75 (citations omitted) (quoting *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 308 (Tenn. 2009) (citing *Taylor v. Fezell*, 158 S.W.3d 352, 359 (Tenn. 2005); *John Kohl & Co. P.C. v. Dearborn & Ewing*, 977 S.W.2d 528, 534 (Tenn. 1998))). With these principles governing marital dissolution agreements and their interpretation in mind, we turn next to the issues presented.

I.       The successful party in the declaratory judgment action

Husband filed the declaratory judgment action pursuant to Tenn. Code Ann. § 29-14-103[5] to establish that the check he gave to Wife satisfied his debt to her or to establish what amount remained. Ultimately, the issue was resolved by agreement of the parties, which was accepted by the court.

Although the parties each assert they were the successful party in the declaratory judgment action, their arguments skip an important initial step. Our Supreme Court has directed that "[c]ourts reviewing requests for fees pursuant to a MDA fee provision should first determine whether the parties have a valid and enforceable MDA that governs the award of attorney's fees for the proceeding at bar." *Eberbach*, 535 S.W.3d at 478-79. If so, we are directed to "look to the actual text of the provision and determine whether the provision is mandatory and applicable." *Id.* at 479. The text of the parties' MDA governing an award of fees states:

> Husband and Wife agree that if it becomes reasonably necessary for Husband or Wife to institute or defend legal proceedings to enforce any of the provisions of this Agreement, the unsuccessful party of said proceedings shall pay the reasonable attorney's fees, court costs and litigation expenses of the successful party of said proceedings. This agreement may be enforced by motion to the court.

Thus, to recover under this provision, the party seeking attorney's fees must have successfully instituted or defended "legal proceedings to enforce" any of the MDA's provisions.

The legal proceeding here was Husband's petition for a declaratory judgment. Declaratory judgments are so named because they do just that: "they proclaim the rights of the litigants without ordering execution or performance." *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 837 (Tenn. 2008). They settle "important questions of law before the controversy has reached a more critical stage," and their "chief function is one of construction." *Id.* Under the Tennessee Declaratory Judgment Act, "[a]ny person . . . whose rights, status, or other legal relations are affected by a . . . contract . . . may have determined any question of construction or validity arising under the . . . contract . . . and obtain a

---

[5] Tennessee Code Annotated section 29-14-103 provides:

Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder.

declaration of rights, status or other legal relations thereunder." Tenn. Code Ann. § 29-14-103. In an action under the statute, rights, status, or legal relations are meant to be "expeditiously determined." *Tenn. Farmers Mut. Ins. Co. v. Hammond*, 290 S.W.2d 860, 862 (Tenn. 1956). "The stated purpose of the Act is '"to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations[.]"'" *Tenn. Farmers Mut. Ins. Co. v. DeBruce*, 586 S.W.3d 901, 906 (Tenn. 2019) (quoting *Reed v. Town of Louisville*, No. E2006-01637-COA-R3-CV, 2007 WL 816521, at *2 (Tenn. Ct. App. Mar. 19, 2007) (quoting Tenn. Code Ann. § 29-14-113)).

This Court has previously interpreted a contract in another context that contained a provision with similar language to not allow an award of fees. In *New Covenant Baptist Church v. Sark*, this Court affirmed a trial court's decision not to award fees incurred in a declaratory judgment action based on our determination that the contractual provision regarding fees limited a mandatory award of fees to those situations where litigation was instituted "to enforce" the restrictions contained in the contract. No. E2002-02693-COA-R3-CV, 2003 WL 21544248, at *1 (Tenn. Ct. App. July 8, 2003). Finding that the declaratory judgment action was not instituted to enforce the contract, but rather to seek "a declaration of the rights of the parties under the restrictions," we held that the contract did not apply to the case.[6] *Id.*

Because Husband instituted these proceedings by filing a declaratory judgment petition, the court was not called upon to "enforce" the MDA. *See* 26 C.J.S. *Declaratory Judgments* §1 (Dec. 2024) ("A declaratory judgment declares the rights of the parties or expresses the opinion of the court on a question of law without ordering anything to be done."). At most, the court would have had the power to enter an order declaring any amount Husband owed Wife. Wife would have had the option to seek a judgment against Husband. *See id.* (Stating that "declaratory judgment[s]" serve "the purpose of guiding future conduct"). However, Husband instituting and Wife defending the declaratory judgment action did nothing to enforce the MDA. The declaratory judgment action merely would have "proclaim[ed]" the rights of Wife to an amount from Husband or would have determined that the amount already paid by Husband satisfied his obligation to Wife "without ordering execution or performance." *See Colonial Pipeline Co.*, 263 S.W.3d at 837.

As the declaratory judgment failed to fall under the fee provision of the parties' MDA, we need not determine whether either party was the "successful party" in the declaratory judgment action. Therefore, we reverse the portion of the court's order finding

---

[6] We have recently reached a different conclusion based upon the specific language of the MDA provision at issue. *See Schmidt v. Ankrom*, No. E2017-01909-COA-R3-CV, 2018 WL 4148132, at *5 (Tenn. Ct. App. Aug. 29, 2018) (finding that an award of fees was permissible after a declaratory judgment was filed because the MDA at issue contained language allowing for an award of fees "in any action 'relating' to the enforcement of any provision of the MDA"). The MDA in the present case lacks the broader "relating to" language found in *Schmidt*.

Husband to be the successful party in the declaratory judgment action. However, because an award of attorney's fees was unavailable under the parties' MDA, we affirm the portion of the court's order declining to award either party fees that resulted from the declaratory judgment action.

II.     The successful party in the alimony modification petition

We turn next to Wife's contention that she was the successful party in the alimony modification action. For the reasons given below, we agree. In the motion for attorney's fees Wife filed in the trial court, the sole basis she provided for an award of attorney's fees was that she was the successful party under the MDA. Therefore, our analysis will concern solely whether Wife was entitled to her fees under the MDA and will not address any analysis of statutory bases for such an award.

We begin with whether the parties' MDA is mandatory and applicable to the underlying proceeding. *See Eberbach*, 535 S.W.3d at 479. As discussed above, the parties' MDA provided for fee awards in the event it became reasonably necessary to institute or defend any provision of the agreement. When Husband modified his petition to include a request to modify alimony, it became necessary for Wife to defend the terms of the agreement providing her with alimony. Therefore, the MDA was applicable and mandatory.

The next question becomes whether Wife was the successful party. On appeal, Wife argues that she was the successful party because Husband voluntarily dismissed the petition. For his part, Husband argues that the voluntary dismissal meant that there was no prevailing party and, therefore, no fee award was permitted. Our analysis of this issue is guided by our Supreme Court's recent decision in *Colley v. Colley*, --- S.W.3d ---, 2025 WL 1232008 (Tenn. Apr. 29, 2025).

The relevant facts of *Colley* are similar to those of the present case. There, a husband and a wife divorced and entered into a marital dissolution agreement. *Colley*, 2025 WL 1232008, at *1. Soon thereafter, the parties entered into contentious post-divorce litigation, including the husband seeking to modify his alimony obligation based on the wife's alleged cohabitation with a partner. *Id.* at *2. Nearly two years later, the husband filed a notice of nonsuit. *Id.* at *4. Each party then sought an award of attorney's fees as the prevailing party. *Id.* at *5. The trial court granted the wife's request for attorney's fees, and the husband appealed. *Id.* This Court reversed the trial court's award of attorney's fees, holding that there was no prevailing party after a voluntary nonsuit. *Id.*

Our Supreme Court disagreed and reversed, holding that the wife was the prevailing party under the terms of the MDA. *Id.* at *8. In doing so, the Court interpreted the specific text of the parties' MDA using the familiar rules "governing construction of contracts." *Id.* at *7. In reaching this conclusion, the Court stated that "[the] Wife's only goal was to

- 9 -

preserve the status quo, through either a decision on the merits or dismissal of the petition. Husband's choice to nonsuit his petition meant that Wife, as the defending party, achieved that result." *Id.* at *8. The Court then rejected the husband's contention that the wife could only be considered the prevailing party if the trial court ruled on the merits of the case in her favor. *Id.* ("[T]he result would be the same with any type of dismissal of Husband's petition; a voluntary dismissal without prejudice, a voluntary dismissal with prejudice, a dismissal by the trial judge on a procedural ground, or a dismissal by the trial judge on the merits. In any of these scenarios, Wife successfully achieved her objective of keeping her alimony award").[7]

In the present case, when Husband instituted proceedings to modify or terminate Wife's alimony, Wife shared a similar goal to that of the wife in *Colley*, i.e., to preserve the status quo and retain her alimony award. When Husband nonsuited the petition, Wife successfully achieved that goal. In other words, Wife "successfully achieved her objective of keeping her alimony award." *Id.* Therefore, under the terms of the parties' MDA, Wife was the successful party.[8] The trial court, therefore, erred when it failed to award her the reasonable attorney's fees she incurred defending the petition to modify alimony. The decision of the trial court finding that there was no successful party after Husband

---

[7] Although we are not called upon to consider any statutory authority in the present case, we note that our Supreme Court determined that the wife in *Colley* was the prevailing party at trial and entitled to an award of fees under both the parties' marital dissolution agreement and the relevant statute. *Colley*, 2025 WL 1232008, at *8, *17.

[8] The MDA in *Colley* used the term "prevailing party" to define which party was entitled to an award of fees. *Colley*, 2025 WL 1232008, at *5. We acknowledge that, in the present case, the parties' MDA uses the term "successful party" instead of prevailing party to determine who is entitled to an award of reasonable attorney's fees. We fail to find a meaningful difference between the terms in this specific matter. Indeed, *Black's Law Dictionary* includes the term "successful party" but with the notation "*See* prevailing party." *Black's Law Dictionary* (12th ed. 2024), *available at* Westlaw. In turn, *Black's* definition of "prevailing party" includes that it is "[a]lso termed *successful party*." *Id. Black's* definition of "prevailing party" also includes a citation to a United States Supreme Court opinion, which includes the following:

> In designating those parties eligible for an award of litigation costs, Congress employed the term "prevailing party," a legal term of art. Black's Law Dictionary 1145 (7th ed.1999) defines "prevailing party" as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded <in certain cases, the court will award attorney's fees to the prevailing party>.—Also termed *successful party*." This view that a "prevailing party" is one who has been awarded some relief by the court can be distilled from our prior cases.

*Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001). Similarly, our Supreme Court defined "prevailing" as "'succeed'" and "'to be successful.'" *Colley*, 2025 WL 1232008, at *8 (quoting 2 SHORTER OXFORD ENGLISH DICTIONARY (6th ed. 2007) and WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY OF THE ENGLISH LANGUAGE UNABRIDGED (1993)).

nonsuited the alimony modification petition is reversed, and the matter is remanded for a determination of Wife's reasonable attorney's fees.[9]

III. The discovery sanction against Wife

Wife next asserts that the trial court erred in awarding Husband his attorney's fees as a discovery sanction "despite [his] not having prevailed." Wife asserts that affirming the trial court would result in a "legally indefensible" result. For the reasons discussed below, we respectfully disagree.

We review a court's imposition of sanctions under an abuse of discretion standard. *Pegues v. Ill. Cent. R.R. Co.*, 288 S.W.3d 350, 353 (Tenn. Ct. App. 2008)). Wife, however, has not argued that the trial court committed an abuse of its discretion. Instead, the sole argument put forward by Wife is that the court erred in imposing discovery sanctions on her because, as she asserts, she was the prevailing party. In particular, she asserts that:

> "[Husband] failed to prevail on either action, yet the Trial Court awarded attorney's fees to [Husband] for purported discovery sanctions, which ultimately resulted in an Agreed Judgment against [Husband] . . . The Trial Court's ruling is contradictory in that [Husband] should not be entitled to interlocutory, non-final awards while [Wife], who was actually successful, is not entitled to recover her attorney's fees."[10]

It appears that Wife's argument here is that she should not be subject to any discovery sanctions when she later prevails on her claims. In other words, she believes that those who thwart the discovery process cannot be sanctioned by the court if they prevail in the litigation. She cites no authority supporting this contention, and we are aware of no such authority. Indeed, our courts have consistently held that, "trial courts possess the inherent authority to impose appropriate sanctions in response to an abuse of the discovery process." *Pegues*, 288 S.W.3d at 353.

---

[9] The outcome would be the same under the reasoning of Justice Campbell's concurrence in *Colley*. As in *Colley*, Wife is the defendant in the alimony modification petition. Also as in *Colley*, Wife received a favorable judgment from the trial court in the parties' divorce because the court approved the marital dissolution agreement that awarded her favorable relief, i.e., alimony. Therefore, Wife "was a prevailing party in the earlier divorce proceedings in which the court approved the marital dissolution agreement that awarded her relief." *Colley*, 2025 WL 1232008, at \*20 (Campbell, J. concurring in part and concurring in the judgment). Wife then defended this earlier victory by successfully fending off Husband's challenge and retaining her alimony award. *See id.* at \*21. Therefore, under either the majority's or concurrence's reasoning, Wife was the prevailing (and successful) party.

[10] The record shows that the trial court, in fact, awarded Wife attorney's fees related to defending against one of Husband's motions.

The trial court made detailed findings about the myriad ways Wife flouted the discovery process. The record does not preponderate against these findings. Thus, based upon Wife's conduct, the trial court was well within its authority to impose a discovery sanction "to preserve the integrity of the discovery process." *Tatham v. Bridgestone Ams. Holding, Inc.*, 473 S.W.3d 734, 742 (Tenn. 2015). Further, "[t]he trial courts of Tennessee must and do have the discretion to impose sanctions . . . in order to penalize those who fail to comply with the Rules and, further, to deter others from flouting or disregarding discovery orders." *Holt v. Webster*, 638 S.W.2d 391, 394 (Tenn. Ct. App. 1982). We affirm the trial court's decision to impose discovery sanctions against Wife.

IV.     Husband's request for his appellate attorney's fees

Finally, we address Husband's request for an award of his appellate attorney's fees. Husband requests his fees pursuant to both statutory authority and the MDA. Accordingly, we will address each request separately. *See Eberbach*, 535 S.W.3d at 477.

We first analyze whether Husband is entitled to his fees pursuant to the parties' MDA. *See id.* at 478 (stating that courts should analyze fee requests pursuant to the parties' MDA first). Husband asserts that the MDA "provides for a successful party to receive his or her attorney fees for successfully defending an attempt at enforcement of any portion of the Agreement which should include the attorney fee provision itself." Husband then asserts that "he is now forced to defend against and seek enforcement of the provision regarding attorney fees to him as the successful party." However, Husband was not awarded fees at the trial court level based upon successful party status. The trial court found Husband to be the prevailing party in the declaratory judgment action but did not award him any attorney's fees as a result of this finding. The only fees Husband was awarded were as discovery sanctions on Wife. Further, as previously addressed by this opinion, the trial court should not have reached whether Husband was the prevailing party in the declaratory judgment action because that action did not fall under the fee provision of the parties' MDA. Husband was unsuccessful in his attempt to defend the court's finding that neither party was the successful party in Husband's petition to modify alimony. Finally, although Husband successfully defended the court's imposition of discovery sanctions, the discovery sanctions were interlocutory relief awarded in the declaratory judgment petition from which Husband cannot be awarded attorney's fees pursuant to the MDA's fee provision. Husband, therefore, is not the successful party on appeal and is not entitled to his attorney's fees under the MDA.

Husband next requests his fees pursuant to Tenn. Code Ann. § 27-1-122, the "frivolous appeal" statute. "A frivolous appeal is one that is devoid of merit, . . . or one that has no reasonable chance of succeeding[.]" *Young v. Barrow*, 130 S.W.3d 59, 67 (Tenn.

Ct. App. 2003) (citations omitted). As Wife succeeded on one of her claims, we decline to award Husband his fees based on the statute.

CONCLUSION

The judgment of the trial court is reversed in part, affirmed in part, and remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed equally against the appellant, Tammy Hutson Boone, and the appellee, Paul Dale Boone, for which execution may issue if necessary.

/s/ Andy D. Bennett
ANDY D. BENNETT, JUDGE