FILED
05/30/2025
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 23, 2025 Session

## KYUHWAN HWANG v. JERRY QUEZADA ARITA ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-4094-20      Gina C. Higgins, Judge**

_____

### No. W2023-01703-COA-R3-CV
_____

The trial court dismissed this case without prejudice after determining that the plaintiff failed to properly respond to the defendant's discovery requests for over a year despite multiple extensions. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which KENNY ARMSTRONG, and VALERIE L. SMITH, JJ., joined.

Kyuhwan Hwang, Memphis, Tennessee, Pro se.

R. Scott Vincent, Memphis, Tennessee, for the appellee, Jerry Quezada Arita.

## OPINION

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case has been pending for several years but never moved beyond the discovery phase. We detail the procedural history only as necessary to address the issues raised by the parties in this appeal.

In 2020, Appellant Kyuhwan Hwang ("Appellant") filed a pro se complaint for damages against Defendants Jerry Quezada Arita ("Appellee"), Saint Francis Hospital-Memphis, Memphis Police Department, and Memphis Fire Department in the Shelby County Circuit Court ("the trial court"). According to the complaint, Appellant was injured in an automobile accident on October 5, 2019, involving Appellee. Appellee filed an

answer admitting that he and Appellant were involved in an accident but generally denying liability. Defendant St. Francis Hospital-Memphis removed the case to federal court, resulting in the dismissal of all claims except the state law claims against Appellee, which were remanded to the trial court.[1]

In the meantime, Appellee propounded written interrogatories and requests for production of documents on Appellant. Following the remand from federal court, the trial court entered a scheduling order directing the parties to, inter alia, respond to outstanding written discovery by September 16, 2022. Trial was set for September 2023.

On November 11, 2022, Appellee filed a motion to dismiss for failure to prosecute on the basis that Appellant had not responded to his written discovery requests. Appellant then filed a motion to recuse the trial judge, as well as a response asking that the motion to dismiss be denied. The response did not explain the delay in discovery or state that Appellant was attempting to comply with discovery promptly. Instead, in an accompanying memorandum, Appellant merely stated that he "did not exhaust his appeal alternatives yet." The trial court denied the motion to recuse by order of January 11, 2023, concluding that the facts alleged did not "raise any question regarding the [c]ourt's ability to impartially hear and preside over any proceedings in this case" and that the motion was filed for an improper purpose and/or to cause delay.

On February 22, 2023, the trial court entered an order denying Appellee's motion to dismiss but granting a motion to compel discovery. Appellant was therefore given forty-five days to respond to written discovery. The order specifically stated that Appellant's failure to comply "may subject him to sanctions including the dismissal of his Complaint and or attorney's fees being awarded to [Appellee]."

On or about March 30, 2023, Appellant ostensibly responded to Appellee's written discovery.[2] With regard to many requests, Appellant stated that he could "submit that information additionally when necessary" or claimed an inability to give specifics due to his injuries from his multiple accidents, their "related crimes," and his frequent moves. Appellant did produce, inter alia, his medical records from St. Francis Hospital-Memphis from the date of the accident, a report from a brain MRI taken approximately one month after the accident, an estimate for the damage to a vehicle, the crash report from the accident, photographs from the accident, a police report alleging criminal activity against Appellant, a letter from himself to the FBI field office, and Appellant's negative drug test

---

[1] Although Appellant appealed that ruling to the United States Court of Appeals for the Sixth Circuit, his appeal was dismissed due to Appellant failing to file a brief after "a pattern of unpunctuality[.]" **Hwang v. Saint Francis Hosp.**, No. 21-6027, 2022 WL 16647011, at *1 (6th Cir. June 21, 2022).

[2] The filing stamp is not fully visible on many of Appellant's filings contained in the appellate record. As such, we have looked elsewhere on these documents and the trial court clerk's table of contents to discern their dates. It is unclear whether this issue stems from how the documents were stamp-filed or how they were scanned.

administered in March 2020.

On April 18, 2023, Appellee filed a motion to compel discovery.[3] The motion did not contain details as to how Appellant's response was deficient. Appellant responded that the motion should be denied for failing to comply with local rules. Appellee filed an amended motion to compel discovery on May 1, 2023, specifying which interrogatories and document requests were inadequately answered by Appellant. Appellant responded that he would amend his purportedly deficient responses if Appellee "clarifies or/and explains more."

The trial court granted Appellee's motion to compel by order of June 7, 2023. The trial court ordered Appellee to send Appellant a list of deficiencies and gave Appellant ninety days from the entry of the order to respond. Again, the trial court noted that failure to respond could result in dismissal of Appellant's case.

Appellee filed another motion to compel on September 7, 2023, asserting that Appellee had failed to file any additional discovery responses following the June 7, 2023 order. Appellant responded by filing a "Notice of Exhibits," which contained documents related to a criminal case against Appellant, as well as a motion for an extension to respond to discovery, asserting that he could not timely respond due to "psychological exhaustion" and machinations against him. Appellant therefore asked for an additional thirty days to respond to discovery and for the most recent motion to compel to be denied.

The trial court granted the final motion to compel by order of September 21, 2023. In this order, the trial court required Appellant to provide discovery responses by October 16, 2023. This time, the trial court noted that Appellant's "failure to comply *will* result in the dismissal of this matter." (Emphasis added).

Appellant ostensibly responded to some of the discovery requests on October 16, 2023. The parties appeared for a status conference on October 25, 2023, at which time the trial court informed Appellant that he was still in violation of its previous discovery orders and gave Appellant until November 1, 2023, to comply.

On October 30, 2023, Appellant lodged general objections to the discovery requests. A second status conference was held on November 1, 2023, at which time the trial court orally ruled that Appellant's case would be dismissed due to his failure to respond to discovery.[4] The day following the oral ruling, Appellant filed a motion to recuse the trial judge, citing, inter alia, the oral ruling against him the prior day.

---

[3] Appellee captions this motion as a second motion to compel discovery. No prior motion to compel discovery is included in the record. It appears that the trial court and Appellee may have treated Appellee's motion to dismiss for failure to prosecute as a motion to compel.

[4] No transcript or statement of the evidence is included in the record from either of the status conferences, but the trial court's later order provides details of what took place during those conferences.

The trial court entered its written order dismissing the case without prejudice on November 3, 2023. Therein, the trial court found that, despite multiple extensions, Appellant still had not responded satisfactorily to discovery, in particular to interrogatories 10, 11, and 19.[5] The trial court, however, invited Appellant to file a motion to reconsider the dismissal if he "fully and properly respond[ed] to the written discovery propounded on [Appellant] by [Appellee] within that time."

Appellant did file two motions to alter or amend the dismissal on or about November 27, 2023, and December 4, 2023. On December 4, 2023, Appellant filed a notice of appeal with this Court. He then filed a motion to reconsider on December 6, 2023, along with supplemental responses to discovery.

On November 11, 2024, this Court remanded the matter back to the trial court for adjudication of the November 2, 2023 motion to recuse, the November 27, 2023 motion to alter or amend, the December 4, 2023 motion to alter or amend, and the December 4, 2023 motion to reconsider. On February 24, 2025, the trial court entered an order denying each of these motions.

First, the trial court, Judge Gina Higgins presiding, noted that while the appeal was pending, the original trial court judge, Judge Felicia Corbin-Johnson, had recused from all matters involving Appellant "not because the motion has any merit, but because this [c]ourt is not going to continue to be harassed, intim[id]ated or have [Appellant] make inappropriate statements and allegations regarding the Court or other officials working in this courtroom."[6] The matter was then transferred to Judge Higgins.[7] The trial court therefore found that the November 2, 2023 motion to recuse was moot, did not comply with Rule 10B of the Rules of the Tennessee Supreme Court, and did not assert a proper basis for recusal. The trial court also found that the trial judge did not err in entering the November 3, 2023 order despite the pendency of the motion to recuse because the order

_____

[5] The original interrogatories are not included in the record—only Appellant's responses thereto. It appears that these interrogatory questions sought information about Appellant's medical experts or medical records and the police records from the accident. Appellant did not provide detailed responses to these requests but instead simply stated that he needed more time to provide the information.

[6] Judge Corbin-Johnson's order was appended to the February 24, 2025 order.

[7] Specifically, the order explained that:

On December 16, 2024, as a matter of form, Presiding Judge Gina C. Higgins circulated a Memorandum to all Shelby County Circuit Court Judges and Chancery Court Chancellors related to the recusal of Judge Felicia Corbin-Johnson and need to transfer the above case, requesting each Judge and Chancellor to respond as to whether they would accept the transfer. . . . As noted on the Memorandum, the undersigned (Judge Higgins) was the only Judge or Chancellor who would agree to accept the transfer.

merely confirmed the trial court's prior oral ruling. The trial court further denied each of the remaining post-judgment motions, as well as "[a]ny outstanding and/or pending motions or petitions[.]" This appeal followed.

## II. ISSUES PRESENTED

Appellant raises three issues in this appeal, which are taken from his brief:

A. In terms of *Lloyd M. Pegues v. Illinois Central Railroad Company*, 288 S.W.3d 350 (2009): Whether the trial court abused its discretion where there was no evidence of willful or dilatory conduct by [Appellant].

B. In terms of Supreme Court of Tennessee Rule 10B: Whether the trial court can/could make further orders or take further actions on the case after a/the motion to recuse the judge was filed, and/or when a/the motion to recuse was pending (without good cause stated in the order in which such action is taken)?

C. In terms of First Impression: Whether the trial court can/could dismiss a/the case (this action/these legal claims in this case) on the basis of judicial crime, judicial misconducts, or/and other crimes/misconducts, or/and disruptions of litigations including, but not limited to white-collar crimes and/or hybrid crimes? Was it proper that this kind of case was dismissed on the basis of the consequences of such crime or/and misconducts?

In the posture of appellee, Appellee asks that this appeal be dismissed due to Appellant's failure to comply with Rule 27 of the Tennessee Rules of Appellate Procedure and that he be awarded damages for defending against a frivolous appeal.

## III. ANALYSIS

### A.

We begin with Appellee's assertion that this appeal should be dismissed because Appellant's brief is deficient. Indeed, Appellee asserts that Appellant's brief in this case suffers from the same infirmities as a brief that he filed in a prior case and therefore should suffer the same fate. We note, however, that Appellant's prior case, ***Hwang v. Holt***, No. W2023-00627-COA-R3-CV, 2024 WL 1132742 (Tenn. Ct. App. Mar. 15, 2024), *perm. app. denied* (Tenn. June 21, 2024), is designated "Not for Citation," and therefore may not be relied upon in any unrelated case.[8] *See* Tenn. Ct. App. R. 10.

It is true, however, that the failure to comply with Rule 27 of the Tennessee Rules of Appellate Procedure may result in the dismissal of an appeal and/or the waiver of all issues. *See, e.g.*, ***21st Mortg. Corp. v. Ford***, No. W2022-00168-COA-R3-CV, 2023 WL

---

[8] The ***Hwang v. Holt*** matter involved a different car accident and different defendants. *Id.* at *1.

3064513, at \*2 (Tenn. Ct. App. Apr. 25, 2023) ("[W]e conclude that the extent of the failure of Ms. Ford's brief to comply with Rule 27(a) warrants waiver of the issues and dismissal of the appeal."). Rule 27 requires that the appellant's brief contain the following:

(1) A table of contents, with references to the pages in the brief;
(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
(3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;
(4) A statement of the issues presented for review;
(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
(7) An argument, which may be preceded by a summary of argument, setting forth:
    (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
        (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);
(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27(a).

The argument section of the brief is also governed by Rule 6 of the Rules of the Court of Appeals of Tennessee, which provides, in relevant part, as follows:

(a) Written argument in regard to each issue on appeal shall contain:
    (1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.
    (2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.
    (3) A statement reciting wherein appellant was prejudiced by such

- 6 -

alleged error, with citations to the record showing where the resultant prejudice is recorded.

(4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

(b) No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Tenn. R. Ct. App. 6.

Appellant's brief in this matter meets many requirements of Rule 27. It contains a table of contents, a table of authorities, a statement of issues, a statement of the case, a statement of facts, and an argument section containing a standard of review section that is relevant to at least one of his issues. For two of his arguments, Appellant also cites one relevant legal authority.

Yet, Appellant's brief does not contain any citations to the appellate record. And the record in this case is voluminous, spanning eight volumes. Clearly, this failure violates both Rule 27 and Rule 6. And because "[t]his Court is under no duty to verify unsupported allegations in a party's brief," *Bean v. Bean*, 40 S.W.3d 52, 56 (Tenn. Ct. App. 2000), we have "previously held that a litigant's appeal should be dismissed where . . . there is a complete failure to cite to the record." *Com. Bank, Inc. v. Summers*, No. E2010-02170-COA-R3-CV, 2011 WL 2673112, at *2 (Tenn. Ct. App. July 11, 2011) (citation omitted).

Appellant's decision to represent himself in this appeal does not excuse him from these requirements. "The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). However, self-represented parties are not excused from "the same substantive and procedural law to which represented parties must adhere." *Chiozza v. Chiozza*, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009) (citing *Hodges v. Tenn. Att'y Gen.*, 43 S.W.3d 918, 920–21 (Tenn. Ct. App. 2000)). Thus, "[w]hile a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, '[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts.'" *Id.* (first citing *Hodges*, 43 S.W.3d at 920; and then quoting *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000)).

We note, however, that our decision to waive a party's argument "usually involve[s] egregious errors that prejudice the opposing party, force the court to act as a party's counsel, or otherwise significantly frustrate the court's ability to decide an appeal." *DiNovo v. Binkley*, 706 S.W.3d 334, 337 (Tenn. 2025). Thus, rather than waive Appellant's argument *in toto* and dismiss this appeal, we will consider each of the three issues raised

- 7 -

by Appellant to determine whether he has drafted a sufficient argument such that appellate review is feasible. *See* ***Heflin v. Iberiabank Corp.***, 571 S.W.3d 727, 734 (Tenn. Ct. App. 2018) ("It must be clear that a party has constructed an argument regarding his or her position on appeal; if not, the matter is subject to waiver." (citing ***Newcomb v. Kohler Co.***, 222 S.W.3d 368, 401 (Tenn. Ct. App. 2006))).

**B.**

Appellant first asserts that the trial court abused its discretion in dismissing his complaint based on his discovery violations, citing ***Pegues v. Illinois Cent. R. Co.***, 288 S.W.3d 350 (Tenn. Ct. App. 2008). As Appellant correctly quotes from ***Pegues***,

> [T]he inherent powers of the court to impose sanctions are most effective when utilized with discretion and restraint. The punishment must fit the offense. The power to sanction should be used sparingly. It should not be used like a sword and used frequently . . . to do so would diminish the significance when sanctions are imposed. Thus, although dismissal is appropriate where there has been intentional disregard of the trial court's orders or where a party has flouted the court's discovery order, it is a drastic measure which the court wisely imposes with discretion. [D]ismissal is a harsh sanction.

*Id.* at 354 (quotation marks, brackets, and citations omitted) (first quoting ***Alexander v. Jackson Radiology Assocs., P.A.***, 156 S.W.3d 11, 15 (Tenn. Ct. App. 2004); and then ***Holt v. Webster***, 638 S.W.2d 391, 394 (Tenn. Ct. App. 1982)).

On appeal, Appellant does not appear to dispute that he did not timely and fully respond to Appellee's discovery requests. Instead, his argument is that the sanction of dismissal was too harsh under the circumstances:

> Even though there could/may have been other types of sanctions, such harsh sanction of the dismissal of this case/action was or must have been literally too harsh or extremely harsh when [Appellant] thinks the totality of the circumstances or/and the details of this case or this action. . . .
>
> Regardless of the fact that [Appellant] ended up filing or could file his Responses and Objections on time or/and before the deadline of the filing, he asserts/alleges that the judge abused her discretion.

Respectfully, we disagree. Rule 37.02 of the Tennessee Rules of Civil Procedure authorizes courts to impose sanctions on parties for failing to comply with orders. The Tennessee Supreme Court has further held that "the inherent power of trial judges permits the trial judge to take appropriate corrective action against a party for discovery abuse."

***Lyle v. Exxon Corp.***, 746 S.W.2d 694, 699 (Tenn. 1988) (citing ***Strickland v. Strickland***, 618 S.W.2d 496, 501 (Tenn. Ct. App. 1981)); *see also* ***Griffith Servs. Drilling, LLC v. Arrow Gas & Oil, Inc.***, 448 S.W.3d 376, 379 (Tenn. Ct. App. 2014) ("Rule 37 of the Tennessee Rules of Civil Procedure declares that the courts have the power to impose sanctions upon a party for failure to make or cooperate in discovery. A variety of sanctions are available to the court, including, in appropriate cases, dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." (quotation marks and citation omitted)). "Dismissal is normally appropriate only where there has been a 'clear record of delay or contumacious conduct.'" ***Langlois v. Energy Automation Sys., Inc.***, 332 S.W.3d 353, 357 (Tenn. Ct. App. 2009) (quoting ***Shahrdar v. Glob. Hous., Inc.***, 983 S.W.2d 230, 236 (Tenn. Ct. App. 1998)). "Contumacious is defined as 'scornful' or 'recalcitrant.'" ***Am. Exp. Centurion Bank v. Lowrey***, No. E2011-01247-COA-R3-CV, 2013 WL 937831, at *5 (Tenn. Ct. App. Mar. 11, 2013) (quoting Bryan Garner, *A Dictionary of Modern Legal Usage* 220 (2nd ed. 1995)).

"When the trial court exercises its discretion in imposing the sanction of dismissal, the exercise of its discretion will not be disturbed by this Court in the absence of an affirmative showing that the trial judge abused his discretion." ***Holt***, 638 S.W.2d at 394. As this Court has explained in this situation,

> An abuse of discretion occurs where the trial court has applied an incorrect legal standard or where its decision is illogical or unreasoned and causes an injustice to the complaining party. Discretionary decisions, however, are not left to a court's inclination, but to its judgment; and its judgment is to be guided by sound legal principles. Thus, an abuse of discretion may be found when the trial court has gone outside the framework of legal standards or statutory limitations, or when it fails to properly consider the factors on that issue given by the higher courts to guide the discretionary determination.

***Pegues***, 288 S.W.3d at 353 (quotation marks and citations omitted).

Here, discovery was first due under the trial court's scheduling order in September 2022. Over the next year, Appellant failed to comply with discovery, despite the trial court providing him with four oral or written deadline extensions to do so. And even when the trial court invited Appellant to finally comply in the thirty days following the dismissal, Appellant made no effort to do so.[9]

In this appeal, Appellant offers no argument that he was ever fully compliant with

---

[9] Although Appellant did file what he characterized as supplemental responses to discovery on December 6, 2023, this filing occurred more than thirty days after the order of dismissal and the trial court's extended deadline.

the discovery requests, nor does he suggest any alternative sanctions that would have finally persuaded him to comply with the trial court's orders. Moreover, he does not assert in his brief that he had any justification whatsoever for his more than one-year delay in responding to discovery. This Court has previously affirmed the dismissal of an action under similar circumstances. *See* **Holt**, 638 S.W.2d at 394 ("Plaintiffs in the instant case were given considerable opportunity to comply with the Trial Court's orders. Yet, we find nothing in the record showing any reason for their failure to respond timely and completely to the order of discovery."). Here, there was clear pattern of delay while Appellant flouted the trial court's reasonable orders. We therefore cannot conclude that the trial court abused its discretion in imposing the harshest sanction of dismissal under the circumstances of this case.

## C.

Appellant next takes issue with how his November 2, 2023 motion to recuse was treated. Again, Appellant correctly notes that Rule 10B of the Rules of the Tennessee Supreme Court provides that "[w]hile [a] motion [to recuse] is pending, the judge whose disqualification is sought shall make no further orders and take no further action on the case, except for good cause stated in the order in which such action is taken." Tenn. Sup. Ct. R. 10B, § 1.02. Based on this rule, Appellant asserts that

> the trial court not only abused its discretion, but also made a legal error when the final order of the trial court was entered or/and filed in this action on or about November 3, 2023 (11/03/2023) because the motion to recuse the judge was filed on November 2, 2023 (11/02/2023) by [Appellant].[10]

Motions to recuse are governed by Rule 10B of the Rules of the Tennessee Supreme Court. A party may seek to disqualify a judge by filing "a written motion filed promptly after a party learns or reasonably should have learned of the facts establishing the basis for recusal." Tenn. Sup. Ct. R. 10B, § 1.01. Rule 10B contains several requirements for filing a motion to recuse, including that the motion "be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials"; "affirmatively state that it is not being presented for any improper purpose"; and state with specificity the factual and legal grounds supporting disqualification. *Id.* The trial court judge is then directed to promptly grant or deny the motion by written order. Tenn. Sup. Ct. R. 10B, § 1.03.

Here, it does not appear that Appellant takes issue with the eventual denial of the

---

[10] In his reply briefing related to this issue, Appellant asserts that he "is going to challenge the appellee's point(s) at this court and at the higher courts. And/or [Appellant] is going to make constitutional challenges about any statues/precedents/cases' laws or/and any rules about/in terms of those aspects." Reply briefs, however, are not vehicles to raise new issues or to correct deficiencies in initial briefs. *Augustin v. Bradley Cnty. Sheriff's Off.*, 598 S.W.3d 220, 227 (Tenn. Ct. App. 2019).

November 2, 2023 motion to recuse.[11] Instead, he only argues that the trial court should not have entered the November 3, 2023 order of dismissal because his motion to recuse was filed the prior day. But this Court has repeatedly held that section 1.02 of Rule 10B does not prohibit a judge from entering an order on a previously decided issue while a motion to recuse is pending. *See Austermiller v. Austermiller*, No. M2022-01611-COA-T10B-CV, 2022 WL 17409921, at *8 (Tenn. Ct. App. Dec. 5, 2022) ("[W]hen a Rule 10B recusal motion is pending, the trial court may enter orders that are based upon rulings the court made from the bench before the recusal motion was filed."); *Adkins v. Adkins*, No. M2021-00384-COA-T10B-CV, 2021 WL 2882491, at *8 (Tenn. Ct. App. July 9, 2021); *Xingkui Guo v. Rogers*, No. M2020-01321-COA-T10B-CV, 2020 WL 6781244, at *4 (Tenn. Ct. App. Nov. 18, 2020) ("The purpose of section 1.02 is to ensure that a trial court makes no *substantive* decisions while the motion to recuse is pending." (emphasis added)).

Although we do not have the benefit of a transcript or statement of the evidence, there can be no dispute that the trial court announced at the November 1, 2023 hearing that Appellant's case would be dismissed. Indeed, the November 2, 2023 motion to recuse specifically states that "at the hearing on November 1 (first), 2023, 10AM, Wednesday, the Honorable Judge, Felicia Corbin-Johnson, dismissed this case or this action through/by the oral order." As a result, the trial court had already made its substantive ruling at the time that Appellant filed the November 2, 2023 motion to recuse. Permitting the trial court leeway to enter its previously announced ruling is particularly apt here, as Appellant had previously been found to have used a recusal motion as a delay tactic. The trial court therefore did not violate section 1.02, and this issue is respectfully without merit.

**D.**

Third, Appellant raises what he asserts is an issue of first impression: that his case should not have been dismissed because of some form of alleged misconduct by the trial court judge. We conclude, however, that Appellant's deficient briefing makes us unable to review this issue.

Here, Appellant's full argument on this issue is as follows:

It was suspected or extremely suspected that the judge already knew or must have known the details of what the opposing counsel was going to say or present at the status conference on November 1, 2023 (11/01/2023). If so, it is, must, may, or can be related with the judicial crime or/and misconducts including, but not limited to white-collar crime. (Citations: First Impression).

This argument contains neither any references to relevant legal authority nor any

---

[11] Appellant's entire argument on this issue is set forth above.

- 11 -

citations to the record.[12] Appellant seeks to avoid his duty to cite legal authority by characterizing this issue as a matter of first impression. However, Appellant's attempt to frame this argument as something other than a request for disqualification is simply not persuasive. And there is a large body of law concerning what type of misconduct may result in disqualification of a trial court judge, none of which was cited by Appellant. To the extent that Appellant claims some crime was committed by the trial court judge, he also cites no specific crime or law supporting that claim. Given that this argument is neither supported by legal authority nor developed into anything resembling a cogent legal argument, we can only characterize this argument as "skeletal." *See **Sneed v. Bd. of Prof'l Resp. of Sup. Ct.**, 301 S.W.3d 603, 615 (Tenn. 2010) (holding that "where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived").

Moreover, Appellant's failure to include citations to the record is an insurmountable obstacle to appellate review as to this issue. Despite his serious claims against the trial court judge, Appellant points to no evidence beyond vague allegations and speculation to suggest that the trial court judge was guilty of misconduct. We will generally not find that a judge should be removed from a case based on mere "insinuation and speculation[.]" **Schmeeckle v. Hamilton Cnty.**, No. E2023-01533-COA-T10B-CV, 2023 WL 8093111, at \*5 (Tenn. Ct. App. Nov. 20, 2023) (citation omitted), *perm. app. denied* (Tenn. Dec. 15, 2023). And to the extent that Appellant asserts that the trial judge acted inappropriately at the November 1, 2023 hearing, we are unable to review that allegation due to Appellant's failure to provide this Court with a transcript or statement of the evidence of that hearing.[13] Appellant's failure to point to any evidence to support his claim therefore significantly frustrates our ability to consider this appeal. **DiNovo**, 706 S.W.3d at 337. Based on Appellant's failure to craft an argument supported by legal authority and references to

---

[12] Appellant's reply brief does not contain any additional authority or citations to the record to support this argument, but again states that "additional complaints/actions can/may/should/will/must be filed in/about this matter including, but not limited to civil complaints and/or criminal ones(complaints)." During the briefing period and after briefing was completed in this matter, Appellant filed multiple documents he titled "editorials" with this Court. Appellant admits that he is the author and editor of some, if not all, of these articles. Appellant did not obtain leave of this Court to file these documents, and they do not conform to the requirements for filing a supplemental authority under Rule 27(d) of the Tennessee Rules of Appellate Procedure. Even if these unsworn "articles" could support Appellant's allegations, these documents do not appear to have been submitted to the trial court and are not included in the record on appeal. *See **In re Adoption of E.N.R.***, 42 S.W.3d 26, 31–32 (Tenn. 2001) ("This Court is a court of appeals and errors, and we are limited in authority to the adjudication of issues that are presented and decided in the trial courts, and a record thereof preserved as prescribed in the statutes and Rules of this Court."). And Appellant has not requested that this Court consider any post-judgment facts. *See generally* Tenn. R. App. P. 24. Moreover, unsworn allegations are not evidence. *See **Washington v. Tenn. Dept. of Corr.***, No. 01A-01-9603-CH-00131, 1996 WL 334359, at \*1 (Tenn. Ct. App. June 19, 1996). As a result, we will not consider these documents in this appeal.

[13] Even assuming that the trial judge anticipated Appellee's arguments at the November 1, 2023 hearing, that is somewhat unsurprising given that the parties had appeared before the judge on numerous occasions concerning Appellant's discovery violations.

evidence contained in the appellate record, we conclude that this issue is waived. *See Heflin*, 571 S.W.3d at 734.

**D.**

Finally, Appellee asks that we award him damages for defending against a frivolous appeal under Tennessee Code Annotated section 27-1-122, which provides as follows:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

A frivolous appeal is one that is "utterly devoid of merit," ***Combustion Eng'g, Inc. v. Kennedy***, 562 S.W.2d 202, 205 (Tenn. 1978), or has "no reasonable chance of success." ***Davis v. Gulf Ins. Grp.***, 546 S.W.2d 583, 586 (Tenn. 1977).

Although we have chosen not to waive Appellant's appeal in full, Appellant's arguments were devoid of merit. For one, Appellant offered no justification for his years-long delay in completing discovery in this case and essentially asserted that the trial court should have been more lenient, notwithstanding the multiple extensions he was granted prior to dismissal. Appellant also argued that the trial court's ruling violated Rule 10B, section 1.02 despite the clear weight of authority holding otherwise. Finally, Appellant cast vague aspersions against the trial court judge in an effort to invalidate her ruling without any support from legal authority or the record in this case. Under these circumstances, we conclude that this appeal had no reasonable chance of success. As such, Appellee is awarded his reasonable attorney's fees and costs incurred in defending against this appeal.

**IV. CONCLUSION**

The judgment of the Shelby County Circuit Court is affirmed, and this matter is remanded to the trial court for further proceedings, including the determination of Appellee Jerry Quezada Arita's reasonable attorney's fees and costs incurred in defending this appeal. Costs of this appeal are taxed to Appellant Kyuhwan Hwang, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE

- 13 -